THE TOWN OF LIBERTYVILLE, Plaintiff-Appellant, v. FIRST NA-
TIONAL BANK OF LAKE FOREST, as Trustee, *et al.*, Defendants-Appel-
lees.

Second District   No. 2—88—0097

Opinion filed December 21, 1988.—Rehearing denied February 10, 1989.

DUNN, J., dissenting.

Charles L. Siemon, Gerald P. Callaghan, Wendy U. Larsen, and James
N. Azim III, all of Siemon, Larsen & Purdy, of Chicago, for appellant.

David L. Anders, of Hutchinson, Anders & Associates, P.C., of Tinley
Park, and Howard M. Lang, of Law Offices of Howard M. Lang, of Liber-
tyville, for appellees.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Town of Libertyville (township), filed an eminent domain action against defendants, First National Bank of Lake Forest, as trustee under trust No. 6756, *et al.* Plaintiff sought to acquire a 2.985-acre parcel of land from defendants pursuant to the Township Open Space Act (Act) (Ill. Rev. Stat. 1987, ch. 139, par. 321 *et seq.*). The circuit court dismissed plaintiff's complaint, ruling that the parcel does not constitute open land as that term is defined in section 2(b) of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 322(b)). The primary issue on appeal is whether, under certain circumstances, a parcel of land with an area of less than 50 acres can be considered open land. We hold that it cannot, and we affirm the circuit court's dismissal order.

For purposes of defendants' motion to dismiss, the parties stipulated that plaintiff was authorized by means of a resolution to purchase a 90-acre parcel of land and an 18-acre parcel, both of which adjoined defendants' property. Plaintiff had made offers to purchase both parcels, but had not initiated eminent domain proceedings against either of them.

It is undisputed that plaintiff was authorized in an election held pursuant to section 3 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 323) to institute an open space program. Plaintiff's board of trustees thereby received the authority pursuant to section 4.02 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 324.02) to acquire the fee or any lesser interest in open land as that term is defined in section 2 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 322). Under section 4.02, open land may be acquired by gift, legacy, purchase, or through the exercise of the right of eminent domain.

We cannot appreciate the ambiguity ascribed to section 2(b) of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 322(b)) by plaintiff. Our reading of the relevant statutes, stripped of irrelevant references, empowers the township:

"To acquire by *** condemnation *** the fee *** in real property that is open land, as defined in Section 2 [Ill. Rev. Stat. 1987, ch. 139, par. 322(b)] ***." (Ill. Rev. Stat. 1987, ch. 139, par. 324.02.)

And, the Act defines "open land":

" 'Open land' *** means any *** area of land *** of an area of 50 acres or more ***." (Ill. Rev. Stat. 1987, ch. 139, par. 322(b).)

Defendants contend that under these provisions, only areas of land consisting of 50 acres or more can qualify for condemnation as open

space. Plaintiff argues that these provisions were only intended to impose a minimum acreage requirement upon a township's entire open space program.

■■ ■ When a court interprets a statutory provision, it must attempt to ascertain and give effect to the intent of the legislature in enacting the provision. (*Town of Libertyville v. Bank of Waukegan* (1987), 152 Ill. App. 3d 1066, 1070, 504 N.E.2d 1305, 1308.) If this can be done solely by examining the language of the provision, the court may not resort to other aids for construction. (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 479, 498 N.E.2d 1102, 1104.) When a statute contains language with an ordinary and popularly understood meaning, the courts will assume that is the meaning intended by the legislature. (*People v. Haywood* (1987), 118 Ill. 2d 263, 515 N.E.2d 45.) When interpreting a statute, the courts must give the language of the statute its plain and ordinary meaning. (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 479, 498 N.E.2d 1102, 1104.) The legislature has the power to define terms within a statute in any reasonable manner. (*Commonwealth Edison Co. v. Property Tax Appeal Board* (1984), 102 Ill. 2d 443, 468 N.E.2d 948.) If the statutory language is clear and unambiguous, the court must give effect to that language. *Maloney*, 113 Ill. 2d at 479, 498 N.E.2d at 1104.

■ We conclude that the statute in effect at the time of the attempted taking was not ambiguous. It provided that any real property to be acquired must be open land, which is defined as any area of land of an area of 50 acres or more. Plaintiff would require us to disregard the limiting clause of section 4.02 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 324.02) by holding that the statute empowers the township "to acquire by *** condemnation *** the fee *** in any real property." But, the statute qualifies "real property" by providing further that it applies to real property "that is open land as defined in Section 2." In effect, we would have to ignore the latter clause as surplusage, which we are not permitted to do. See *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 487 N.E.2d 937.

■ Nor are we persuaded otherwise by the Town of Libertyville's supplemental brief addressing the 1988 amendments to section 4.02(a) of the Act. (Pub. Act 85—1140, §4.02(a), eff. July 29, 1988.) The rules of statutory construction referred to by the Town of Libertyville are intended to assist in resolving ambiguities, not to create them. The primary rule of statutory construction is to ascertain and effectuate the legislature's intent, and, in doing so, the courts look first to the statutory language; if clear, the courts must give it effect and should not look to extrinsic aids for its construction. (*In re Marriage of Log-*

*ston* (1984), 103 Ill. 2d 266, 469 N.E.2d 167.) While the Act was significantly rewritten by the 1988 amendments, section 2(b) (Ill. Rev. Stat. 1987, ch. 139, par. 322(b)), the Act's definition of "open land," was unchanged. The fact remains that sections 4.02 and 2 when read together are not ambiguous. Since we find no ambiguity, it is unnecessary to apply the rules of statutory construction relied upon by plaintiff in its briefs and supplemental brief.

The judgment of the circuit court is affirmed.

Affirmed.

NASH, J., concurs.

JUSTICE DUNN, dissenting:

I respectfully dissent in the holding of the majority that section 2(b) of the Act is not ambiguous.

Section 2(b) of the Act defines the terms "open land" and "open space" as "any space or area of land or water of an area of 50 acres or more" which has one or more of the open space attributes which are subsequently mentioned. (Ill. Rev. Stat. 1987, ch. 139, par. 322(b).) I believe that an ambiguity exists with regard to the meaning of the word "area" the second time that word appears in section 2(b). The first time the word "area" appears in the provision, it is clear from the context that the legislature intended it to be synonymous with the word "region." It is not clear whether the legislature intended the term "area" to have the same meaning the second time it appears in section 2(b) or if it intended that term to be synonymous with "size." If the legislature intended the phrase "of an area" to mean "of a size," defendants' interpretation of section 2(b) is correct, and plaintiff can only acquire parcels of land measuring 50 acres or more. Otherwise, a parcel may be acquired if it is part of a larger region of 50 acres or more with one or more open space attributes.

Defendants' construction of section 2(b) would certainly be correct if the phrase "of an area" had been omitted from the provision. Section 2(b) would then define open land as "any space or area of land or water of 50 acres or more" with one or more of the subsequently mentioned open space attributes. Defendants' interpretation therefore renders the phrase "of an area" in section 2(b) entirely superfluous. Statutes should be construed so that no word or phrase is rendered superfluous or meaningless. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365, 487 N.E.2d 937, 942.) This factor militates strongly against defendants' interpretation of the relevant language.

Furthermore, one of the objectives of the Act is to facilitate the transfer or acquisition of land for open space purposes. This objective becomes apparent when the Act is examined as a whole. Section 4.02 authorizes the acquisition of the fee or any lesser right in property that meets the definition of open land by gift, legacy, purchase, or through the exercise of eminent domain powers. Section 4.09 allows entities which have enacted open space programs to lease land for a period of up to 50 years to individuals, firms, or corporations, and section 4.10 allows such entities to lease buildings for a period not to exceed 20 years. The flexibility provided in these provisions with regard to land acquisition and transfer is at odds with defendants' interpretation of section 2(b), which would restrict acquisitions of land under the Act to parcels of 50 acres or more. I reject defendants' interpretation of section 2(b) and conclude that land may be considered open land if it is a portion of a parcel of 50 acres or more with one or more of the open space attributes subsequently mentioned in the provision.

It is readily apparent from a review of the Act that its primary purpose is to permit and encourage local governments to insulate large areas of land from the increasing tide of development and to thereby promote environmental concerns, enhance conservation of scenic or natural resources, and afford the public increased recreational opportunities. I believe the legislature recognized that local governments would not make significant progress toward these goals by acquiring small areas of land in the midst of developed regions. The 50-acre requirement as I have interpreted it prohibits local governments from doing this, but does not unduly restrict their ability to obtain land pursuant to the Act.

I also take note that the Act has recently been amended by the legislature (see Pub. Act 85—1140, eff. July 29, 1988). Section 4.02, which formerly exempted all land used for farming or agricultural purposes from acquisition through eminent domain, now only exempts such land if it has an area of more than 10 acres. This amendment makes it clear that parcels of less than 50, or even less than 10, acres may be obtained under the Act. Under defendants' interpretation of section 2(b), however, a five-acre parcel of land could only be obtained if at least 45 adjoining acres were obtained simultaneously. In many, if not most, instances, a parcel of land with an area of 50 acres or more will not all be owned by the same individual or entity. A local government might have to deal with a large number of landowners in order to obtain 50 acres of land. As a practical matter, defendants' interpretation could compel local governments to institute eminent domain

proceedings against each of the landholders under such circumstances, even if many of them would be willing to sell or lease their land to the locality and only a few were recalcitrant. I do not believe that the legislature wished to place such unnecessary impediments in the way of local governments seeking to implement open space programs. Additionally, it may not always be necessary to obtain title to every tract of land on a 50-acre parcel in order to insulate it from development. Some portions of the parcel might be completely unsuitable for development, and some owners might agree not to develop their land. Under such circumstances, I believe it would be absurd to prevent the local government from merely obtaining the necessary acreage and instead compel it to obtain the entire 50-acre parcel, as defendants' interpretation would force it to do.

The amended Act requires local governments enacting open space programs after July 29, 1988, to draw up an open space plan specifically setting forth the land which the locality wishes to obtain pursuant to the Act. The voters of the township must then approve the open space plan in a referendum. (See Pub. Act 85—1140, eff. July 29, 1988 (amending Ill. Rev. Stat. 1987, ch. 139, par. 321 *et seq.*).) Under my interpretation of section 2(b) of the Act, the regions of land identified in open space plans must each have an area of 50 acres or more. If the open space plan is approved in a referendum, the local government is then authorized to obtain any portion of the parcels of land mentioned in the plan. This interpretation of section 2(b) is consistent with other previously cited provisions of the Act which ensure flexibility with regard to land acquisition and transfer to local governments attempting to implement the Act and attain its worthy objectives of promoting environmental and aesthetic values in their communities.

Accordingly, defendants' 2.985-acre tract of land may be subject to plaintiff's right of eminent domain if that tract is a portion of a 50-acre parcel with one or more of the open space attributes mentioned in section 2(b) of the Act. The 90-acre and 18-acre parcels of farmland adjoining defendants' property may, in my opinion, be taken into account in making this determination because they may fit the definition of open land in section 2(b), even though they are exempt from acquisition through eminent domain under section 4.02 because they are used for agricultural purposes. Since I am of the opinion that the circuit court erroneously concluded that defendants' land was exempt from condemnation under the Act because of its size, I would reverse the order granting defendants' motion to dismiss and remand the cause for further proceedings.