THE TOWN OF LIBERTYVILLE, Plaintiff-Appellant, v. LAWRENCE BLECKA *et al.*, Defendants-Appellees.

Second District   No. 2—88—0298

Opinion filed March 22, 1989.—Rehearing denied April 17, 1989.

Charles J. Siemon, Gerald P. Callaghan, and James N. Azim III, all of Siemon, Larsen & Purdy, of Chicago, for appellant.

David F. Pardys, of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellees Lawrence Blecka, Lydia Blecka, and Allan Carney.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Waukegan, for appellees Jack W. Dorsey and Marcella Hout.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Town of Libertyville (Libertyville), appeals from an order of the trial court which dismissed its complaint for condemnation against defendants, Lawrence Blecka *et al.* Libertyville sought to acquire a 10-acre parcel of land from defendants pursuant to the Township Open Space Act (Act) (Ill. Rev. Stat. 1987, ch. 139, par. 321 *et seq.*). On appeal, Libertyville contends that the trial court erred in determining that, under the Act, open land or open space means a parcel of land which has a size of 50 acres or more.

Libertyville has acquired the fee simple or a lesser interest in 650 acres of land as part of its open-space program and is seeking to acquire an additional 1,300 acres. On September 16, 1987, Libertyville filed an eminent domain action against defendants to acquire a 10-acre parcel of land. On its eastern border, the 10-acre parcel abutted 285 acres of existing township open space. On its western border, the parcel adjoined a 70-acre tract of land which Libertyville made the subject of a separate condemnation action.

In their motion to dismiss Libertyville's complaint, defendants alleged that (1) under the Act, Libertyville did not have the authority to condemn a parcel of land which was less than 50 acres, and (2) Libertyville did not make a *bona fide* attempt to compensate defendants for their property prior to instituting eminent domain proceedings. After it conducted a hearing on defendant's motion, the trial court dismissed Libertyville's complaint. In a written order, the trial court made the following findings:

"1. Plaintiff Town of Libertyville made a bona fide attempt to agree on the compensation to be paid to Defendants prior to the filing of the Complaint, and the parties were not able to agree on compensation.

2. The property that is the subject of the Complaint for

Condemnation ('the Subject Property') is approximately ten (10) acres and is therefore not open land within the meaning of Ill. Rev. Stat. ch. 139, §322(b) because it is less than 50 acres.

3. Because the Court finds that the Subject Property is not open land, Plaintiff does not have authority to condemn the Subject Property under Ill. Rev. Stat. ch. 139, §324.02."

From that order, Libertyville has timely brought this appeal.

The sole issue raised on appeal is whether a parcel of land with an area of less than 50 acres can be considered open land pursuant to section 2(b) of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 322(b)).

■■ Section 2(b) of the Act states:

" 'Open land' or 'open space' means any space or area of land or water *of an area of* 50 acres or more, the preservation or the restriction of development or use of which would maintain or enhance the conservation of natural or scenic resources; protect natural streams or water supply; promote conservation of soils, wet lands or shores; afford or enhance public outdoor recreation opportunities; preserve flora and fauna, geological features, historic sites or other areas of educational or scientific interest; enhance the value to the public of abutting or neighboring highways, parks or other public lands; implement the plan of development adopted by the planning commission of any municipality or promote orderly urban or suburban development." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 139, par. 322(b).

It is undisputed that plaintiff was authorized in an election held pursuant to section 3 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 323) to institute an open-space program. Plaintiff's board of trustees thereby received the authority pursuant to section 4.02 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 324.02) to acquire the fee or any lesser interest in open land as that term is defined in section 2 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 322). Under section 4.02, open land may be acquired by gift, legacy, purchase, or through the exercise of the right of eminent domain.

Our reading of the relevant statutes, stripped of irrelevant references, empowers the township:

"To acquire by *** condemnation *** the fee *** in real property that is open land, as defined in Section 2 [Ill. Rev. Stat. 1987, ch. 139, par. 322(b)] ***." (Ill. Rev. Stat. 1987, ch. 139, par. 324.02.)

And, the Act defines "open land":

" 'Open land' *** means any *** area of land *** of an area

of 50 acres or more \*\*\*." (Ill. Rev. Stat. 1987, ch. 139, par. 322(b).)

Defendants contend that under these provisions, only areas of land consisting of 50 acres or more can qualify for condemnation as open space. Plaintiff argues that these provisions were only intended to impose a minimum acreage requirement upon a township's entire open-space program.

■ When a court interprets a statutory provision, it must attempt to ascertain and give effect to the intent of the legislature in enacting the provision. (*Town of Libertyville v. Bank of Waukegan* (1987), 152 Ill. App. 3d 1066, 1070.) If this can be done solely by examining the language of the provision, the court may not resort to other aids for construction. (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 479.) When a statute contains language with an ordinary and popularly understood meaning, the courts will assume that its meaning was intended by the legislature. (*People v. Haywood* (1987), 118 Ill. 2d 263.) When interpreting a statute, the courts must give the language of the statute its plain and ordinary meaning. (*Maloney v. Bower* (1986), 113 Ill. 2d 473.) The legislature has the power to define terms within a statute in any reasonable manner. (*Commonwealth Edison Co. v. Property Tax Appeal Board* (1984), 102 Ill. 2d 443.) If the statutory language is clear and unambiguous, the court must give effect to that language. *Maloney*, 113 Ill. 2d at 479.

Section 2(b) of the Act defines the terms "open land" and "open space" as "any space or area of land or water of an area of 50 acres or more" which has one or more of the open-space attributes which are subsequently mentioned. We believe that an ambiguity exists with regard to the meaning of the word "area" the second time that word appears in section 2(b). The first time the word "area" appears in the provision, it is clear from the context that the legislature intended it to be synonymous with the word "region." It is not clear whether the legislature intended the term "area" to have the same meaning the second time it appears in section 2(b) or if it intended that term to be synonymous with "size." If the legislature intended the phrase "of an area" to mean "of a size," defendants' interpretation of section 2(b) is correct, and plaintiff can only acquire parcels of land measuring 50 acres or more. Otherwise, a parcel may be acquired if it is part of a larger tract of 50 acres or more with one or more open-space attributes.

■ Defendants' construction of section 2(b) would certainly be correct if the phrase "of an area" had been omitted from the provision. Section 2(b) would then define open land as "any space or area

of land or water of 50 acres or more" with one or more of the subsequently mentioned open-space attributes. Defendants' interpretation therefore renders the phrase "of an area" in section 2(b) entirely superfluous. Statutes should be construed so that no word or phrase is rendered superfluous or meaningless. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365.) This factor militates strongly against defendants' interpretation of the relevant language.

Furthermore, one of the objectives of the Act is to facilitate the transfer or acquisition of land for open-space purposes. This objective becomes apparent when the Act is examined as a whole. Section 4.02 authorizes the acquisition of the fee or any lesser right in property that meets the definition of open land by gift, legacy, purchase, or through the exercise of eminent domain powers. Section 4.09 allows entities which have enacted open-space programs to lease land for a period of up to 50 years to individuals, firms, or corporations, and section 4.10 allows such entities to lease buildings for a period not to exceed 20 years. The flexibility provided in these provisions with regard to land acquisition and transfer is at odds with defendants' interpretation of section 2(b), which would restrict acquisitions of land under the Act to parcels of 50 acres or more. We reject defendants' interpretation of section 2(b) and conclude that land may be considered open land if it is a portion of a parcel of 50 acres or more with one or more of the open-space attributes subsequently mentioned in the provision.

It is readily apparent from a review of the Act that its primary purpose is to permit and encourage local governments to insulate large areas of land from the increasing tide of development and to thereby promote environmental concerns, enhance conservation of scenic or natural resources, and afford the public increased recreational opportunities. We believe the legislature recognized that local governments would not make significant progress toward these goals by acquiring small tracts of land less than 50 acres in total size in the midst of developed regions. The 50-acre requirement as we have interpreted it prohibits local governments from doing this, but does not unduly restrict their ability to obtain tracts of land comprising at least 50 acres in the aggregate pursuant to the Act.

We also take note that the Act has recently been amended by the legislature (see Pub. Act 85—1140, eff. July 29, 1988). Section 4.02 formerly exempted all land used for farming or agricultural purposes from acquisition through eminent domain. The Act now only exempts such land if it has an area of more than 10 acres. This amendment makes it clear that parcels of less than 50, or even less than 10, acres

may be obtained under the Act. Under defendants' interpretation of section 2(b), however, a five-acre parcel of land could only be obtained if at least 45 adjoining acres were obtained simultaneously. In many, if not most instances, a parcel of land with an area of 50 acres or more will not all be owned by the same individual or entity. A local government may have to deal with a large number of landowners in order to obtain 50 acres of land. As a practical matter, defendants' interpretation could compel local governments to institute eminent domain proceedings against each of the landholders under such circumstances, even if many of them would be willing to sell or lease their land to the locality and only a few were recalcitrant. We do not believe that the legislature wished to place such unnecessary impediments in the way of local governments seeking to implement open-space programs.

The amended Act requires local governments enacting open-space programs after July 29, 1988, to draw up an open-space plan specifically setting forth the land which the locality wishes to obtain pursuant to the Act. The voters of the township must then approve the open-space plan in a referendum. (See Pub. Act 85—1140, eff. July 29, 1988 (amending Ill. Rev. Stat. 1987, ch. 139, par. 321 et seq.).) Under our interpretation of section 2(b) of the Act, the tracts of land identified in open-space plans must each have an area of 50 acres or more. If the open-space plan is approved in a referendum, the local government is then authorized to obtain any portion of the parcels of land mentioned in the plan. This interpretation of section 2(b) is consistent with other previously cited provisions of the Act which ensure flexibility with regard to land acquisition and transfer to local governments attempting to implement the Act and attain its worthy objectives of promoting environmental and aesthetic values in their communities.

■ Accordingly, defendant's 10-acre tract of land may be subject to plaintiff's right of eminent domain provided defendant's land is a portion of a tract 50 acres or more being contemporaneously condemned by the plaintiff, or where the defendant's land abuts or adjoins a tract 50 acres or more already owned by the plaintiff as part of its open-space program. The 285 acres of existing township open-space and the 70-acre tract subject to eminent domain proceedings may be taken into account in making the determination whether the taking is in compliance with the definition of open land in section 2(b) of the Act. Since we are of the opinion that the circuit court erroneously concluded that defendants' land was exempt from condemnation under the Act because it was less than 50 acres in size, we reverse the order granting defendants' motion to dismiss and remand the

cause for further proceedings. The judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

DUNN and WOODWARD, JJ., concur.