THE TOWN OF LIBERTYVILLE, Plaintiff-Appellant, v. EDWARD E. YPMA, Ex'r of the Estate of Catherine Ypma, *et al.*, Defendants-Appellants.

Second District   No. 2—88—0788

Opinion filed March 29, 1989.

Charles J. Siemon and James N. Azim III, both of Siemon, Larsen & Purdy, of Chicago (Gerald P. Callaghan, of counsel), for appellant.

Fuqua, Winter, Wysocki & Stiles, Ltd., of Waukegan, James E. Lentz, of Coffield, Ungaretti, Harris & Slavin, of Chicago, and Russell V. Ray, of Ray & Glick, Ltd., of Libertyville (Bernard Wysocki, of counsel), for appellees.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Town of Libertyville (Libertyville), brought this eminent domain action, pursuant to the Township Open Space Act (the Act) (Ill. Rev. Stat. 1987, ch. 139, par. 321 *et seq.*), in the circuit court of Lake County against defendants, Edward E. Ypma, executor of the estate of Catherine Ypma, and unknown owners. Libertyville sought to acquire an approximately 19-acre parcel of land located on the southwest corner of the intersection of O'Plaine Road and Buckley Road in Libertyville Township. Defendants filed a traverse and motion to dismiss which the trial court granted. This appeal is taken from that judgment.

On appeal, Libertyville contends: (1) that the 19-acre subject property is "open land" within the meaning of the Act; (2) that the plain

language of the Act does not contain a contiguity requirement; (3) that even if the Act contained a contiguity requirement, the subject property is part of a contiguous area of more than 50 acres of open land; and (4) that the trial court erred in disregarding uncontroverted expert testimony and in rendering a decision inconsistent with the uncontested facts established in that testimony.

■ Libertyville instituted this eminent domain proceeding pursuant to the Township Open Space Act (Ill. Rev. Stat. 1987, ch. 139, par. 321 *et seq.*), which authorizes Illinois townships to establish open-space programs. Under the Act, a township with an open-space program has the power to acquire interests in open land or open space by purchase, condemnation, or other means. (Ill. Rev. Stat. 1987, ch. 139, par. 324.02.) Section 2(b) of the Act defines "open land" or "open space" as "any space or area of land or water of an area of 50 acres or more" which meets certain open-space criteria. Ill. Rev. Stat. 1987, ch. 139, par. 322(b).

In response to the condemnation complaint, defendants filed a motion to dismiss, alleging that Libertyville had failed to state a claim and that the subject property may not be condemned pursuant to the authority granted under the Act since the property was less than 50 acres in size. The trial court denied defendants' motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) and struck defendants' motion to dismiss pursuant to section 2—619 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). The trial court granted defendants leave to amend the latter motion.

In their amended section 2—619 motion defendants asserted that Libertyville's condemnation complaint should be dismissed because the subject property "consists of 19 acres which is an amount clearly not contemplated by the Township Open Space Act." The trial court denied defendants' amended section 2—619 motion, finding that "the fact that the subject parcel is less than 50 acres does not, in and of itself, preclude plaintiff from condemning the subject parcel."

Defendants' motion for reconsideration was denied, but the court granted defendants leave to file a traverse and motion to dismiss. In support of their motion, defendants argued that other parcels of open land could not be combined with the subject property to reach the 50-acre requirement of section 2(b) of the Act. The trial court considered defendants' argument in a hearing limited, pursuant to an agreed prehearing order, to the "fifty acre issue."

At the hearing Libertyville offered the testimony of a private land planner, Lane Kendig, whose firm drafted the Libertyville township

open-space plan. Kendig's testimony established that the subject property is located at the southwest corner of the intersection of Buckley Road and O'Plaine Road; that to the north of the parcel and across Buckley Road is Ascension Cemetery, owned by the Catholic Archdiocese of Chicago; that on the east, west, and south sides of the subject property are residential developments in the Village of Green Oaks; and that located kitty-corner, but across Buckley Road, from the subject property is a three-acre parcel. At the time of the hearing this parcel was also under condemnation by Libertyville.

During his testimony, Kendig opined that the subject property met the criteria for open land as defined by the Act and that the preservation or restriction of the development of the subject property would advance the open-space criteria. Kendig testified that Ascension Cemetery also met the open-space criteria and that land planners considered it "borrowed open space" which, by its very nature, is likely to be preserved as open space.

At the conclusion of the hearing, the court stated that although the subject property was less than 50 acres, it could be considered open space under certain circumstances. By use of example, the court implied that if the subject property was contiguous to existing open space owned by Libertyville or at least to property under condemnation, so that combined, the subject property and the other property totaled at least 50 acres in area, Libertyville could condemn the subject property. In the court's opinion the subject property did not adjoin any open land owned by Libertyville or any property under condemnation with the exception of the three-acre parcel located kitty-corner from the subject property.

The court found that Ascension Cemetery could not be considered open space under the terms of the Act and, therefore, could not be used in combination with the subject property to make an area of 50 acres or more. Additionally, the court found that the Act did not permit Libertyville to "leap frog" over the cemetery to create contiguity between the subject property and other parcels of open land to the north of the cemetery.

In the light of these findings, the trial court granted defendants' traverse and motion to dismiss. Libertyville appeals.

In an election held pursuant to section 3 of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 323), Libertyville was authorized to institute an open-space program. In establishing this program, the board of trustees of Libertyville was empowered "[t]o acquire by gift, legacy, purchase, [or] condemnation *** [an] interest in real property that is open land, as defined in Section 2 [Ill. Rev. Stat. 1987, ch. 139, par.

322(b)]" of the Act. (Ill. Rev. Stat. 1987, ch. 139, par. 324.02.) The Act defines "open land" as "any area of land *** of an area of 50 acres or more." Ill. Rev. Stat. 1987, ch. 139, par. 322(b).

It is Libertyville's contention that the "50-acre" language in section 2(b) of the Act does not preclude Libertyville from condemning an interest in the 19-acre subject property because a parcel of land with an area of less than 50 acres can be considered open land if it is part of an area of 50 acres or more which meets the open-space criteria of section 2(b). This court in a very recent case, *Town of Libertyville v. First National Bank* (1988), 178 Ill. App. 3d 591, rejected this same contention by Libertyville. In *First National Bank*, Libertyville argued that section 4.02 and section 2(b) of the Act were only intended to impose a minimum acreage requirement upon a township's entire open-space program and that, therefore, a parcel of land with an area of less than 50 acres could be considered open land. Here, Libertyville makes an identical argument, contending that the logical construction of the definition of open land, as set forth in section 2(b), is that a parcel is open land if it is part of an area of 50 acres or more which meet the open-space criteria. Because Libertyville holds an interest in well over 50 acres in the northeastern quadrant of the township, it maintains that the property in question is subject to its condemnation.

■ In construing statutory provisions, the role of this court is to examine the entire statute for guidance as to the legislative intent, determine the objective the statute sought to attain and the evils it desired to remedy, and upon ascertaining the legislature's intent, give it effect. (*Krall v. Secretary of State* (1988), 168 Ill. App. 3d 478, 483.) To determine that intent a court should first look to the statutory language itself. (*In re Marriage of Grabarek* (1988), 175 Ill. App. 3d 1045, 1047.) If the statutory language is clear, the court must give it effect and should not read into the statute exceptions, limitations, and conditions. *Johnson v. Matviuw* (1988), 176 Ill. App. 3d 907, 917.

■ We have already determined in *First National Bank* that the statutory language of section 2(b) of the Act is clear and that it provides that a parcel of land with an area of less than 50 acres cannot be considered open land. Consequently, we find the subject property here, which consists of less than 50 acres, cannot be condemned merely because at the time of the eminent domain action against defendants, Libertyville's open-space program was comprised of well over 50 acres.

In the instant case, however, Libertyville also contends that even if the subject property is less than 50 acres, it may be acquired by

condemnation if it is part of a contiguous area of more than 50 acres of open land. This court also recently addressed this question in a case decided after *First National Bank*. In *Town of Libertyville v. Blecka* (1989), 180 Ill. App. 3d 677, Libertyville sought to acquire a 10-acre parcel of land from defendant, pursuant to the Act. The trial court dismissed Libertyville's complaint for condemnation, finding that the property in question was not open land because it was less than 50 acres. This court reversed the lower court, finding that defendants' 10-acre tract of land was subject to Libertyville's right of eminent domain if defendants' land was a portion of a tract 50 acres or more being contemporaneously condemned by Libertyville, or if defendants' land abutted or adjoined a tract 50 acres or more already owned by Libertyville as part of its open-space program.

In *Blecka*, defendants' property abutted 285 acres of existing township open space on its eastern border and also adjoined a 70-acre tract of land on its western border which Libertyville had made the subject of a separate condemnation action. In the light of these facts, this court remanded the cause with directions that the lower court consider these facts in determining whether Libertyville's taking was in compliance with the definition of open land.

A similar finding was not, and could not, have been reached by this court in *First National Bank*. In *First National Bank* Libertyville sought to condemn a 2.985-acre parcel. A 90-acre parcel of land and an 18-acre parcel adjoined defendants' property. However, although Libertyville had made offers to purchase these two parcels, it had not initiated eminent domain proceedings against the owners of the parcels at the time it brought its condemnation action against the defendants in *First National Bank*. Under these circumstances, Libertyville could not argue that the defendants' 2.985 acreage was a portion of a tract of 50 acres or more being contemporaneously condemned by Libertyville or that defendants' land adjoined or abutted a tract of 50 acres or more already owned by Libertyville as part of its open-space program. Accordingly, since the subject property in *First National Bank* consisted of less than 50 acres, the only decision this court could reach in that case was that the subject property could not be considered open land under section 2(b) of the Act.

■ We must reach a similar decision in the instant case. The evidence before this court shows that the subject property measures approximately 19 acres. Libertyville, however, argues that the subject property can be taken because it is contiguous or adjacent to Ascension Cemetery, which constitutes open land under the Act. As the cemetery is owned by the Archdiocese of Chicago, and not by Liber-

tyville, and as property owned by a religious organization cannot be condemned (see Pub. Act 85—1140, eff. July 29, 1988 (amending Ill. Rev. Stat. 1987, ch. 139, par. 324.02)), the cemetery, under our holding in *Blecka*, cannot be considered in determining whether Libertyville's taking of the subject property complies with section 2(b) of the Act. Taking into account this conclusion, we find it unnecessary to address Libertyville's contention that the trial court disregarded the uncontroverted testimony of Libertyville's expert that a cemetery constitutes open space within the meaning of the Act.

Finally, we find Libertyville's argument that the subject property is contiguous to parcels 21, 20 and 205 of Libertyville's open-space plan to be without merit. These parcels are located north of the cemetery. The subject property neither abuts nor adjoins these parcels. Under *Blecka*, the property to be condemned must abut or adjoin a tract of 50 acres or more already owned by Libertyville or it must be a portion of a tract of 50 acres or more being contemporaneously condemned by Libertyville. As the subject property does not abut, adjoin, or even lie adjacent to parcels 21, 20 and 205, and is not a portion of a 50-acre tract being contemporaneously condemned, it does not meet these requirements.

Accordingly, based on our holdings in *First National Bank* and *Blecka*, we find that the subject property did not satisfy the open-space criteria set forth in section 2(b) of the Act. In construing the Act as we have, we have considered the evil to be remedied and the object to be attained by the legislature. Under our holding, Libertyville cannot piece together totally unrelated pieces of property to meet the 50-acre requirement of section 2(b) of the Act. Yet, in our view, our decision does not needlessly restrict Libertyville's means of meeting the acreage minimum of section 2(b).

For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

DUNN and McLAREN, JJ., concur.