THE TOWN OF LIBERTYVILLE, Plaintiff-Appellant, v. NORTHWEST NATIONAL BANK OF CHICAGO, as Trustee, *et al.*, Defendants-Appellees.

Second District  No. 2—89—0105

Opinion filed September 28, 1989.

Charles J. Siemon, Gerald P. Callaghan, James N. Azim III, and William D. McElyea, all of Siemon, Larsen & Purdy, of Chicago, for appellant.

Murray R. Conzelman, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Town of Libertyville, filed an eminent domain action against defendants, Northwest National Bank of Chicago, as trustee under trust No. 2402, *et al.*, seeking to condemn a 40-acre parcel of land pursuant to the Township Open Space Act (the Act) (Ill. Rev. Stat. 1987, ch. 139, par. 321 *et seq.*). The trial court, finding that the 40-acre parcel was not "open land" or "open space" under the Act (Ill. Rev. Stat. 1987, ch. 139, par. 322(b)), dismissed plaintiff's complaint with prejudice. Plaintiff appeals from this dismissal.

The property at issue is a square 40-acre parcel located in southeastern Libertyville Township. It is bounded on the west by St. Mary's Road. Directly across St. Mary's Road from the property are 570 acres owned by the Lake County Forest Preserve District. The property is bounded on the east by a 200-acre property owned by Edward H. Bennett, Jr. (Bennett). It is bounded on the north by a subdivision and on the south by properties having various owners.

Bennett has applied to the Village of Mettawa (Mettawa) for "approval of a Preliminary Plat Cluster R-1 Development." In an affidavit filed in the trial court, Bennett indicated that "[i]f the Preliminary Plat is approved by the Village of Mettawa, he intends to donate to the Town of Libertyville for open space purposes" 151.08 acres of his property contiguous to the 40-acre parcel at issue in the case at bar.

■ Plaintiff has established an open-space program pursuant to the Act. (Ill. Rev. Stat. 1987, ch. 139, par. 321 *et seq.*) Plaintiff therefore has the power:

"To acquire by gift, legacy, purchase, condemnation ***, lease, agreement or otherwise the fee or any lesser right or interest in real property that is open land, as defined in Section 2, and to hold the same ***." (Ill. Rev. Stat. 1987, ch. 139, par. 324.02.)

(See also Ill. Rev. Stat. 1987, ch. 139, par. 324.) Section 2 of the Act provides in part:

" 'Open land' or 'open space' means any space or area of land or water of an area of 50 acres or more ***." (Ill. Rev. Stat. 1987, ch. 139, par. 322(b).)

The parcel of land at issue is only 40 acres in area and so cannot be acquired by plaintiff as open land unless it can be combined with other property to meet the 50-acre minimum requirement of the Act. Plaintiff essentially argues three different theories under which this might be done.

■ Plaintiff states one theory as follows:

"[T]he Legislature's choice of language shows that it intended for the 50-acre minimum to apply only to the aggregate area of the various parcels acquired as part of a township's open space program and not to the individual parcels themselves."

This theory is untenable because, as we held in *Town of Libertyville v. Ypma*:

"[T]he statutory language of section 2(b) of the Act is clear and *** it provides that a parcel of land with an area of less than 50 acres cannot be considered open land. Consequently, we find the subject property here, which consists of less than 50 acres, cannot be condemned merely because at the time of the eminent domain action against defendants, Libertyville's open-space program was comprised of well over 50 acres." (*Town of Libertyville v. Ypma* (1989), 181 Ill. App. 3d 305, 309, 536 N.E.2d 1275, 1278.)

Thus, the mere fact that plaintiff has acquired more than 50 acres for its open-space program as a whole does not permit plaintiff to acquire individual tracts less than 50 acres in area under the Act. See Ill. Rev. Stat. 1987, ch. 139, pars. 322(b), 324, 324.02.

A second theory of plaintiff's is that the Act permits it to acquire a parcel less than 50 acres in area if that parcel is part of a region 50 acres or more in area that is dedicated to open-space purposes, regardless of the ownership of the other property. According to plaintiff, under this theory the 40-acre parcel may be considered in combination with the Lake County Forest Preserve District's property

across St. Mary's Road for purposes of the Act's 50-acre minimum requirement.

■ In a motion for leave to cite additional authority, which this court allowed, plaintiff has cited a case (*Town of Libertyville v. Connors* (1989), 185 Ill. App. 3d 317, 541 N.E.2d 250) as supportive of its contention that the road between the 40-acre parcel and the Lake County Forest Preserve District property does not preclude considering the two as a single area of land for purposes of the 50-acre minimum requirement. However, under *Connors* the Lake County Forest Preserve District property could not be taken into account even if there were no road between it and the 40-acre parcel at issue. As we said in *Connors*:

"Connors' property consisted of two parcels of land separated by a public road, Guerin Road. Connors presented evidence to show that each parcel was less than 50 acres in size. The parcel north of Guerin Road was approximately 28.45 acres and the parcel south of Guerin Road consisted of 40 acres. Thus, neither parcel alone met the 50-acre minimum of the Act.

We have very recently determined in *Town of Libertyville v. Blecka* (1989), 180 Ill. App. 3d 677, [130 Ill. Dec. 60, 536 N.E.2d 1271,] that a landowners' [*sic*] property was subject to Libertyville's right of eminent domain if the landowners' [*sic*] land was a portion of a tract 50 acres or more being contemporaneously condemned by Libertyville or if the landowners' [*sic*] land abutted or adjoined a tract of 50 acres or more already owned by Libertyville. (See also *Town of Libertyville v. Ypma* (1989), 181 Ill. App. 3d 305[, 130 Ill. Dec. 64, 536 N.E.2d 1275].) In the instant case, *the property south of Guerin Road adjoins open land of more than 50 acres, but this land is owned by the Lake County Forest Preserve District*. The parcel to the north of Guerin Road abuts or borders upon a tract of open space already acquired by Libertyville. However, it is apparent from Libertyville's exhibit No. 8, which was a base map depicting, among other things, acquired open space, that the adjacent tract of open space was significantly smaller than Connors' northern parcel of 28.45 acres. Thus, the northern parcel was not adjacent to a 50-acre tract already owned by Libertyville. *As neither the northern nor southern parcel of Connors' land abuts, adjoins, or lies adjacent to a tract 50 acres or more already owned by Libertyville, the individual parcels are not subject to Libertyville's right of eminent domain on this basis*." (Emphasis added.) (*Town of Libertyville v.*

*Connors* (1989), 185 Ill. App. 3d 317, 323-24, 541 N.E.2d 250, 253-54.)

Thus, the property owned by the Lake County Forest Preserve District could not be considered in determining whether plaintiff may acquire the 40-acre parcel at issue as open land even if it were not separated from the 40-acre parcel by St. Mary's Road. It is therefore unnecessary to determine whether the separation of the 40-acre parcel from the Lake County Forest Preserve District property by St. Mary's Road would affect plaintiff's right to condemn the 40-acre parcel. Compare *Town of Libertyville v. Connors* (1989), 185 Ill. App. 3d 317, 324, 541 N.E.2d 250, 254, with *Egidi v. Town of Libertyville* (1989), 181 Ill. App. 3d 542, 545, 537 N.E.2d 369, 372.

■ Plaintiff's right to acquire the 40-acre parcel by condemnation depends then on its third theory: that the 151.08 acres Bennett intends to donate to plaintiff may be aggregated with the contiguous 40-acre parcel at issue in determining whether the 50-acre minimum requirement of the Act is satisfied. We have held that the Act permits a township to acquire by condemnation a tract having an area less than 50 acres if the tract was a portion of a tract of 50 acres or more being contemporaneously condemned by the township or if the tract abutted or adjoined a tract having an area of 50 acres or more already owned by the township as part of its open-space program. (*Town of Libertyville v. Connors* (1989), 185 Ill. App. 3d 317, 323-24, 541 N.E.2d 250, 253; *Town of Libertyville v. Ypma* (1989), 181 Ill. App. 3d 305, 310-11, 536 N.E.2d 1275, 1278-79; *Town of Libertyville v. Blecka* (1989), 180 Ill. App. 3d 677, 682, 536 N.E.2d 1271, 1275.) The 151.08-acre tract neither was owned nor being contemporaneously condemned by plaintiff. Plaintiff contends that the rule in *Connors, Ypma,* and *Blecka* should be extended to include the situation at bar, where plaintiff intends, and expects, to acquire in the future the additional property necessary to meet the 50-acre minimum requirement of the Act, but does not yet own it and has not yet filed a condemnation action. We decline to so extend the rule for two reasons.

■ First, it is entirely possible that plaintiff will not be able to acquire the 151.08 acres. Mettawa, for instance, may not approve Bennett's preliminary plat, in which case he has made no representation that he will donate the land to plaintiff. It is also possible that, before making the gift to plaintiff, Bennett might change his mind. Plaintiff suggests that it could, without stating that it would, condemn the 151.08 acres if the gift were not made. While it is obviously true that plaintiff could file such an action, we cannot say whether it

would be successful. Plaintiff correctly points out that there is nothing in the record at bar indicating that Bennett's 151.08 acres are exempt from condemnation. However, that fact is of little import since the case at bar did not litigate the question of whether Bennett's property could be condemned. Thus, it is not clear that plaintiff will ever acquire the 151.08 acres Bennett has said he will donate if Mettawa's decision on his preliminary plat application is favorable.

Second, even if it were certain plaintiff would ultimately acquire the 151.08 acres from Bennett, the Act would still not permit the condemnation at bar. If plaintiff acquired and held the 40 acres at issue before acquiring Bennett's 151.08 acres, plaintiff would, at least for the period between acquisition of the 40 acres and acquisition of the 151.08 acres, have acquired and held land that is not open land by reason of its having an area of less than 50 acres. Such an acquisition and holding of land that is not open land would exceed plaintiff's powers under the Act, regardless of whether plaintiff later acquired adjacent land exceeding 50 acres in area. See Ill. Rev. Stat. 1987, ch. 139, pars. 324, 324.02.

We hold that a township may not acquire as open land a parcel less than 50 acres in area unless the parcel is a portion of a tract of 50 acres or more being successfully contemporaneously condemned by the township, or the parcel abuts or adjoins a tract having an area of 50 acres or more already owned by the township as part of its open-space program. The trial court correctly dismissed plaintiff's eminent domain action on the ground that the 40-acre parcel was not open land as defined by the Act. (See Ill. Rev. Stat. 1987, ch. 139, pars. 322(b), 324, 324.02.) The judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT, P.J., and WOODWARD, J., concur.