(No. 68449.–

THE TOWN OF LIBERTYVILLE, Appellant, v. FIRST NATIONAL BANK OF LAKE FOREST, as Trustee, *et al.*, Appellees.

*Opinion filed January 17, 1990.*

MORAN, C.J., took no part.

Charles L. Siemon, Gerald P. Callaghan and James N. Azim III, of Siemon, Larsen & Purdy, of Chicago, for appellant.

David L. Anders, of Hutchison, Anders & Associates, P.C., of Tinley Park (James A. Borrasso, of Chicago, of counsel), for appellees.

JUSTICE MILLER delivered the opinion of the court:

Plaintiff, the Town of Libertyville, brought this eminent domain action in the circuit court of Lake County pursuant to the Township Open Space Act (Ill. Rev. Stat. 1987, ch. 139, pars. 321 through 325), against defendants First National Bank of Lake Forest, Timothy J. Towne, the Board of American Missions of the Lutheran Church of America, and unknown others. Plaintiff

sought to acquire by condemnation a 2.985-acre parcel of land in which each of the defendants claimed an interest. The circuit court dismissed the action, ruling that plaintiff did not possess the power to condemn the subject property because the property was not "open land" as that term is defined in section 2(b) of the Act (Ill. Rev. Stat. 1987, ch. 139, par. 322(b)). The appellate court affirmed the circuit court's judgment. (178 Ill. App. 3d 591.) The cause is before us upon certification by the appellate court pursuant to Supreme Court Rule 316 (107 Ill. 2d R. 316).

On November 5, 1985, the voters of Libertyville, at a nonpartisan election, authorized the initiation of an open space program through which the township could acquire land and interests in land for open space purposes pursuant to the Township Open Space Act (see Ill. Rev. Stat. 1987, ch. 139, par. 323) (the Act). The town board then developed an open space plan and caused a map to be prepared that identified parcels of land that were of immediate importance in fulfilling the plan's goals; the map identified the 2.985-acre property in question here as one of·those parcels. On July 14, 1986, the town board authorized its special counsel to offer $30,000 to the owner or owners of the subject property in order to acquire a fee simple interest. By letter dated August 5, 1986, plaintiff's counsel tendered the authorized offer; the offer was withdrawn by letter dated December 24, 1986. On August 15, 1987, the town board passed a resolution again identifying the subject property as a parcel of land whose preservation was necessary to accomplish the goals and purposes of the township open space plan. The resolution authorized the township's counsel to offer $33,000 to acquire the property. In the same resolution, the town board also authorized the commencement of eminent domain proceedings. On September 16, 1987,

plaintiff filed a complaint in the circuit court of Lake County for condemnation of the subject property.

On October 16, 1987, defendant Towne, on behalf of all the defendants, filed a *pro se* answer and motion to dismiss the complaint. Plaintiff responded with a motion to strike Towne's pleadings, alleging that the answer and motion to dismiss were insufficient at law for several reasons not important here. The trial judge subsequently allowed plaintiff's motion and ordered defendant Towne's pleadings stricken; Towne was granted leave to file an amended motion to dismiss. Thereafter, defendants First National Bank of Lake Forest and Towne filed an amended traverse, objection, and motion to dismiss the action under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). They sought a finding that the Act violated the Illinois Constitution, that plaintiff did not possess the power to condemn the subject property, and that plaintiff was estopped from bringing the action. In an agreed order, the trial judge set for hearing defendants' contention challenging plaintiff's authority to condemn the subject property because its size was insufficient to meet the definition of "open land" contained in section 2(b) of the Act (see Ill. Rev. Stat. 1987, ch. 139, par. 322(b)). The trial judge reserved ruling on the other issues raised by defendants' motion pending disposition of the question of plaintiff's authority to condemn the subject property.

At the hearing on defendants' motion to dismiss, held January 8, 1988, the parties stipulated, for purposes of the motion, that plaintiff was authorized by resolution to purchase a 90-acre parcel of land and an 18-acre parcel, both of which adjoined defendants' property. At the time of the hearing, plaintiff had tendered offers of purchase on both parcels but had not initiated eminent domain proceedings against either. (The owner of the two adjoining parcels maintains that the property is exempt from

the Act because of its agricultural usage (see Ill. Rev. Stat. 1987, ch. 139, par. 324.02), and neither purchase has been completed.) After considering the parties' exhibits, stipulations, and memoranda and the arguments of counsel, the trial judge held that the subject property did not qualify as open land under section 2(b) of the Act and granted defendants' motion to dismiss.

The appellate court, with one justice dissenting, affirmed the circuit court's judgment. The court ruled that the Act requires that an area of land consist of 50 acres or more before it may qualify for condemnation as open space. (178 Ill. App. 3d at 592-94.) The dissenting justice believed that an area of land of less than 50 acres may qualify for condemnation under the Act so long as it is part of an area of 50 or more contiguous acres having any of the open space attributes described in section 2(b) of the Act, regardless of who owns or controls the remaining acreage. 178 Ill. App. 3d at 595 (Dunn, J., dissenting).

The sole issue in the present appeal is whether an individual parcel of property of an area of less than 50 acres may be considered "open land," as that term is defined in section 2(b), for the purpose of condemnation under the Act absent the township's contemporaneous control over "the preservation or the restriction of development or use" of adjoining property that, together with the subject parcel, comprises an area of 50 acres or more. We hold that it cannot. We note that the provision at issue here has been the subject of much litigation, with varying results. See, *e.g.*, *Town of Libertyville v. Connors* (1989), 185 Ill. App. 3d 317; *Egidi v. Town of Libertyville* (1989), 181 Ill. App. 3d 542; *Town of Libertyville v. Ypma* (1989), 181 Ill. App. 3d 305; *Town of Libertyville v. Blecka* (1989), 180 Ill. App. 3d 677.

Section 4.02 of the Act authorizes the township:

"To acquire by gift, legacy, purchase, condemnation
\*\*\*, lease, agreement or otherwise the fee or any lesser
right or interest in real property that is open land, as de-
fined in Section 2 \*\*\*.'' (Ill. Rev. Stat. 1987, ch. 139, par.
324.02.)

Defining "open land," section 2(b) of the Act provides:

" 'Open land' or 'open space' means any space or area
of land or water of an area of 50 acres or more, the pres-
ervation or the restriction of development or use of which
would maintain or enhance the conservation of natural or
scenic resources; protect natural streams or water sup-
ply; promote conservation of soils, wet lands or shores;
afford or enhance public outdoor recreation opportunities;
preserve flora and fauna, geological features, historic
sites or other areas of educational or scientific interest;
enhance the value to the public of abutting or neighbor-
ing highways, parks or other public lands; implement the
plan of development adopted by the planning commission
of any municipality or promote orderly urban or suburban
development." Ill. Rev. Stat. 1987, ch. 139, par. 322(b).

It is well established that the legislature may define
terms within a statute in any reasonable manner. (*Com-
monwealth Edison Co. v. Property Tax Appeal Board*
(1984), 102 Ill. 2d 443, 457.) The parties do not agree,
however, on what interpretation should be given to the
phrase "any space or area of land \*\*\* of an area of 50
acres or more" contained in the definition of "open
land" in section 2(b) of the Act. Their dispute centers on
the meaning to be ascribed to that provision. Plaintiff
contends that the language at issue requires, at most,
that any individual parcel the township condemns, as the
plaintiff is seeking to do here, be part of an area of at
least 50 acres that reflects the open space attributes de-
scribed in section 2(b), regardless of the ownership or
control of the remaining property. Defendants maintain
that under the Act the plaintiff may condemn only tracts
measuring 50 acres or more, though the entire tract may

comprise separately owned, individual parcels. On reviewing the Act, we conclude that the provision defining "open land" is ambiguous. Accordingly, the entire statute should be read in such a manner that the legislation is harmonious and consistent in all its parts (*People ex rel. Roan v. Wilson* (1950), 405 Ill. 122, 127-28), thereby effecting the legislature's intent (see, *e.g.*, *City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 341).

The Act seeks "to facilitate the transfer or acquisition of land for open space purposes." (178 Ill. App. 3d at 595 (Dunn, J., dissenting).) One readily apparent goal of the legislation is to allow townships to preserve large tracts of land from encroaching development so that certain environmental concerns may be advanced. (See *Blecka*, 180 Ill. App. 3d at 681.) The definition of "open land" contained in section 2(b) of the Act provides that a space or area of land may not qualify as open land unless it is part of an area of 50 acres or more, "the preservation or the restriction of development or use of which would maintain or enhance the conservation of natural or scenic resources" or other specified goals. (See Ill. Rev. Stat. 1987, ch. 139, par. 322(b).) Any tract of land smaller than 50 acres may be considered open land under the Act only if it is part of a larger tract over which the township has acquired, or will contemporaneously acquire, control for the purposes of preservation or restricted development or use. Thus, the 50-acre proviso used in the definition of "open land" requires the townships to exercise control over relatively large tracts of land, and in that way ensures that the purposes of the legislation may be achieved.

Plaintiff acknowledges that, under its interpretation of the provision, the township could condemn or otherwise obtain small parcels of property, provided that the acquired parcel is a portion of an area of 50 acres or

more with one or more of the open space attributes listed in section 2(b), without exercising control over the remaining 50 acres. If that were allowed, however, the township could then, for whatever reason, refuse to acquire control over the adjoining open space property. This would result in the township's control over an open space smaller than 50 acres and thwart the purpose of the Act. A statutory provision should not be construed so as to defeat the intent of the legislature. See *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363.

We therefore reject plaintiff's contention that the Act allows the acquisition of an area of land of less than 50 acres that, when combined with other contiguous land in which the township does not possess an interest or control but that has open space attributes, makes up an area of 50 acres or more. The Act authorizes the township "[t]o acquire by gift, legacy, purchase, condemnation *** , lease, agreement or otherwise the fee or any lesser right or interest in real property that is open land." (Ill. Rev. Stat. 1987, ch. 139, par. 324.02.) An interpretation of the disputed provision in light of the statute in its entirety allows the township to acquire by gift, legacy, purchase, condemnation, lease, agreement, or otherwise an area of land that is a portion of an area of 50 acres or more being preserved or being restricted in its development or use.

In the case at bar, plaintiff does not control and will not contemporaneously acquire ownership or control over land adjoining the subject property that, together with the subject property, comprises an area of land of 50 acres or more. Hence, plaintiff's action to condemn defendants' 2.985-acre tract of land was properly dismissed by the trial court. The two adjoining tracts targeted for acquisition by plaintiff, which when combined total 108 acres, may be immune from condemnation under the agricultural use exemption found in section 4.02

of the Act. (See Ill. Rev. Stat. 1987, ch. 139, par. 324.02.) If this proves to be correct, plaintiff's condemnation action against the present defendants must await the plaintiff's acquisition of control over the adjoining property through other available means. See *Ypma*, 181 Ill. App. 3d at 311.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE MORAN took no part in the consideration or decision of this case.