## EX PARTE TOM TONG.

ON CERTIFICATE OF DIVISION FROM THE CIRCUIT COURT OF THE
UNITED STATES FOR THE DISTRICT OF CALIFORNIA.

Decided May 7th, 1883.

*Habeas Corpus—Jurisdiction—Proceedings Civil and Criminal—Practice.*

The proceedings under a petition for *habeas corpus* are in their nature civil proceedings, even when instituted to arrest a criminal prosecution and secure personal freedom : and the appellate revisory jurisdiction of this court is governed by the statutes regulating civil proceedings.

As the statute authorizes a certificate of division of opinion between judges sitting in circuit only after final judgment in civil proceedings, the court cannot take jurisdiction under a certificate by which it appears that there was a difference in opinion between the judges as to the points certified, without entry of final judgment.

The petitioner was proceeded against criminally in the police court of San Francisco for a misdemeanor in unlawfully establishing, maintaining and carrying on the business of a public laundry. Being restrained of his liberty under this process, he applied to the Circuit Court of the United States for the District of California, for a writ of habeas corpus. The judges certified a difference of opinion upon the following questions.

At the hearing of said case at the present term of this court upon the said papers and record there occurred as questions, arising on said record :

" 1. Whether upon the facts stated in the petition filed in this case a writ of *habeas corpus* ought to have been issued by this court according to the prayer of said petition ?

" 2. Whether upon the facts stated in the petition, and in the return to the writ issued herein, said petitioner ought to be discharged from custody ?

" 3. Whether, assuming said ordinance set out in the petition herein to be void, the petitioner is 'in custody in violation of the Constitution, or of a law or treaty of the United States,' within the meaning of section 753 of the Revised Statutes of the United States, and whether he ought to be discharged on that ground ?

" 4. Whether, assuming said ordinance to be void, the court is forbidden to discharge the petitioner by the provisions of section 753 of the Revised Statutes of the United States ?

" 5. Whether the ordinance set out in the petition in this case is void on the ground that it does not fix any terms or conditions upon complying with which the petitioner and others similarly situated are entitled, absolutely, to a license to pursue their calling, but still leaves it in the discretion of the board of supervisors to pass, or refuse to pass, a resolution granting a permit, or authorizing the issue of a license, the ordinance only allowing the board of supervisors to pass a resolution granting such permit, or authorizing the issue of a license in its discretion, after the applicant has performed all the conditions prescribed by said ordinance, without making it obligatory upon the board to pass such resolution ?

" 6. Whether the ordinance set out in the petition is void on the ground that it is unreasonable in its requirements, or upon any other ground apparent upon the face of the ordinance or appearing in the petition and return, or in the record herein ? "

*Mr. Hall McAllister* for the petitioner argued the merits of the case, but as it turned on a question of jurisdiction, his position on this point only is presented.

Section 753 of the Revised Statutes of the United States provides that : " The writ of *habeas corpus* shall in no case extend to a prisoner in jail unless where he is in custody under or by color of the authority of the United States, or is committed for trial before some court thereof ; or is in custody for an act done or committed, in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof ; or is in custody in *violation of the Constitution or of a law or treaty of the United States ;* or, being a subject or a citizen of

a foreign State and domiciled therein, is in custody for an act done or committed under an alleged right, title, authority, privilege, protection or exemption, claimed under the commis- sion, or order, or sanction of any foreign State, or under color thereof, the validity and effect whereof depend upon the law of nations, or unless it is necessary to bring the prisoner into court to testify." The portion of the language of this section, under which jurisdiction of the circuit court to award the writ is claimed, is in these words : " Or is in custody in violation of the Constitution, or of a law or treaty of the United States." The contention upon this point is, that subjects of the Emperor of China in California, under the Constitution of the United States and the provisions of the Burlingame Treaty, to which the attention of the court has already been called, are guaranteed the right to pursue all lawful vocations in a lawful manner, and that the ordinance in question and the judicial proceedings founded thereon, are in invasion of the rights thus secured, re- dress for which may legally be had on writ of *habeas corpus* awarded by the circuit court. *Ex parte Bridges*, 2 Woods C. C. 428; *In re Wong Yung Quy*, 6 Sawyer, 237; *Ex parte Turner*, 3 Woods C. C. R. 603.

*Mr. L. D. Latimer* opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

This is a writ of habeas corpus sued out of the Circuit Court of the United States for the District of California by the pe- titioner, Tom Tong, a subject of the Emperor of China, for the purpose of an inquiry into the legality of his detention by the chief of police of the city and county of San Francisco, for an alleged violation of an order or ordinance of the board of super- visors of such city and county regulating the licensing, &c., of public laundries, and the case comes here, before judgment below, on a certificate of division of opinion between the judges holding the court as to certain questions which arose at the hearing. The allegation in the petition is that the order, for the violation of which the petitioner is held, is in contravention of the Constitution of the United States and of a treaty be- tween the United States and the Emperor of China.

A question which meets us at the outset is whether we have jurisdiction, and that depends on whether the proceeding is to be treated as civil or criminal. Section 650 of the Revised Statutes provides that whenever, in any civil suit or proceeding in a circuit court, there occurs a difference of opinion between the judges holding the court as to any matter to be decided, ruled, or ordered, the opinion of the presiding judge shall prevail and be considered the opinion of the court for the time being; and section 652, that when final judgment or decree is rendered, the points of disagreement shall be certified and entered of record under the direction of the judges. That being done, the judgment or decree may, under the provisions of section 693, be brought here for review by writ of error or appeal, as the case may be.

By section 651 it is provided that whenever any question occurs on the trial or hearing of any criminal proceeding before a circuit court, and the judges are divided in opinion, the point on which they disagree shall, during the same term, upon the request of either party, or of their counsel, be stated under the direction of the judges, and certified under the seal of the court to this court at its next session.

It follows, from these provisions of the statutes, that, if this is a civil suit or proceeding, we have no jurisdiction, as there has been no final judgment in the circuit court, but, if it is a criminal proceeding, we have.

The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes, but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil

right, which he claims, as against those who are holding him in custody, under the criminal process. If he fails to establish his right to his liberty, he may be detained for trial for the offence; but if he succeeds he must be discharged from custody. The porceeding is oné instituted by himself for his liberty, not by the government to punish him for his crime. This petitioner claims that the Constitution and a treaty of the United States give him the right to his liberty, notwithstanding the charge that has been made against him, and he has obtained judicial process to enforce that right. Such a proceeding on his part is, in our opinion, a civil proceeding, notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution. It was said by Chief Justice Marshall, speaking for the court, as long ago as *Ex parte Bollman & Swartwout,* 4 Cranch, 75–101:

"The question whether the individual shall be imprisoned is always distinct from the question whether he shall be convicted or acquitted of the charge on which he is to be tried, and therefore these questions are separated; and may be decided in different courts."

The questions that may be certified to us on a division of opinion before judgment are those which occur on the trial or hearing of a criminal proceeding before a circuit court. It follows that we cannot take jurisdiction of the case in its present form, and it is consequently

*Remanded to the circuit court for further proceedings according to law.*