THE PEOPLE *ex rel.* WILLIAM E. McGUIRE *et al.*, Petitioners-Appellants, *v.* PAUL W. SYMPSON, Warden, Illinois State Penitentiary at Menard, Respondent-Appellee.

(No. 73-177; )

Fifth District—June 5, 1974.

Robert E. Farrell, of Mt. Vernon, and Richard D. Thomas, of Chicago, both of State Appellate Defender's Office, for appellants.

Herbert J. Lantz, Jr., State's Attorney, of Chester (David P. Rau, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendants were each charged by criminal complaints in Menard County with two counts of burglary and one count of theft over $150. On December 22, 1972, they pled guilty to those offenses and were sentenced to serve 4 to 6 years in the penitentiary.

On May 30, 1973, the defendants filed *pro se* a petition for a writ of habeas corpus in the Circuit Court of Randolph County. The petition alleged that the trial court before which they had previously entered pleas of guilty had lacked jurisdiction to enter judgments against them because they had not waived their rights to grand jury indictments. The petition further alleged that the relators were indigent and requested appointment of counsel.

The trial court entered an order on June 5, 1973, granting leave to proceed in forma pauperis and then denied the petition on the grounds that it "* * * does not state a cause of action and is insufficient in law." No hearing was held and counsel was not appointed by the court.

■■ The defendants' first argument, that the petition should have been construed as a request for post-conviction relief, lacks merit. The defen-

dants were convicted in Menard County. The Post-Conviction Hearing Act provides that a proceeding "shall be commenced by filing with the clerk of the court in which the conviction took place a petition \* \* \*." (Ill. Rev. Stat., ch. 38, sec. 122—1.) The Circuit Court of Randolph County did not have jurisdiction to grant post-conviction relief to the defendants.

■■ The defendants' second point is that counsel should have been appointed to represent them for their habeas corpus petition. In *People ex rel. Ross v. Ragen,* 391 Ill. 419, the supreme court held that a defendant has no right to appointed counsel in a habeas corpus proceeding and stated:

> "This being a case involving only the enforcement of relator's civil right of personal liberty, separate and distinct from the criminal proceeding in which punishment for a crime was imposed upon him, he is not in the position of an 'accused' in a criminal prosecution. The court is neither authorized nor empowered to appoint counsel to appear for him."

This rule has also been consistently followed in the Federal courts and should be followed in this case.

■■ The defendants' final contention is that the habeas corpus petition did raise a question of a jurisdictional nature. Habeas corpus relief is available after conviction was rendered by a court which lacked jurisdiction or where there has been some occurrence subsequent to the conviction which entitles the defendant to release. (*People ex rel. Lewis v. Frye,* 42 Ill.2d 58.) The defendants allegation is that there was a waiver of indictment but that the waiver was invalid. This does not raise a question of a jurisdictional nature. The mere allegation of a violation of Supreme Court Rule 401(b) presents neither a constitutional or jurisdictional question.

The dismissal of the habeas corpus petition by the Circuit Court of Randolph County is affirmed.

Judgment affirmed.

CREBS and EBERSPACHER, JJ., concur.