(No. 65074.—

DANIEL M. KIRWAN, Petitioner, v. JOHN M. KARNS *et al.*, Respondents.

*Opinion filed January 25, 1988.*

Daniel M. Kirwan, Deputy Defender, *pro se*, and E. Joyce Randolph, Assistant Defender, both of the Office

of the State Appellate Defender, of Mt. Vernon, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield, and John Coady, State's Attorney, of Taylorville (Kenneth R. Boyle, Stephen E. Norris and Gerry R. Arnold, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for respondents.

JUSTICE RYAN delivered the opinion of the court:

J.B., a minor, was adjudicated a delinquent at the age of 14 in the circuit court of Christian County, and was committed to the Department of Corrections, Juvenile Division, on October 20, 1982. On appeal, he was represented by the office of the State Appellate Defender. The judgment of the circuit court was affirmed. (*In re J.B.* (1983), 120 Ill. App. 3d. 155.) On November 9, 1984, the minor's parents petitioned the circuit court of Christian County for a restoration of legal custody of the minor and for a termination of the court's wardship, pursuant to section 5—8(3) and section 5—11(2) of the Juvenile Court Act. (Ill. Rev. Stat. 1983, ch. 37, pars. 705—8(3), 705—11(2).) The circuit court held that these sections of the Juvenile Court Act did not apply to minors while committed to the Department of Corrections, and dismissed the petitions. On appeal, the appellate court reversed and remanded the case to the circuit court to consider the petition on its merits. (*In re Bardwell* (1985), 138 Ill. App. 3d 418.) This court denied leave to appeal.

On remand the circuit court considered the petition of the minor's parents on its merits and denied the relief prayed. The Christian County public defender had represented the minor in this proceeding as a guardian *ad litem.* Following the circuit court's denial of the petition, the Christian County public defender, as guardian *ad litem* for the minor, filed a notice of appeal. The circuit

court appointed the office of the State Appellate Defender for the fifth judicial district to represent the minor on appeal. The Appellate Defender moved to withdraw as counsel for the minor on appeal, alleging that section 10 of the State Appellate Defender Act (Ill. Rev. Stat. 1985, ch. 38, par. 208—10(a)) provides that the State Appellate Defender shall represent persons only in criminal cases, and that a proceeding determining wardship of a minor is civil in nature. The State objected to the motion to withdraw and the appellate court denied it.

The State Appellate Defender filed a motion in this court for leave to file a petition for a writ of *mandamus*, or alternatively, for a supervisory order. We granted leave to file the petition.

It is the petitioner's (State Appellate Defender's) position in this court, as it was in the appellate court, that the circuit court had no authority to appoint the petitioner to represent the minor in this proceeding, because the proceedings are civil in nature and the State Appellate Defender is, by statute, only authorized to represent indigents on criminal appeals. Section 10(a) of the State Appellate Defender Act provides:

"§10. Powers and duties of State Appellate Defender. (a) The State Appellate Defender shall represent indigent persons on appeal in criminal cases other than misdemeanor cases not involving a sentence of imprisonment ***." Ill. Rev. Stat. 1985, ch. 38, par. 208—10(a).

In *Maloney v. Bower* (1986), 113 Ill. 2d 473, this court considered the authority of the circuit court to appoint a public defender to represent indigent defendants in civil contempt proceedings in which the defendant might be subject to incarceration. Section 4 of the Public Defender Act (Ill. Rev. Stat. 1985, ch. 34, par. 5604) provided:

"The Public Defender, as directed by the court, shall act as attorney, without fee, \*\*\* for all persons who are held in custody or who are charged with the commission of any criminal offense, and who the court finds are unable to employ counsel."

In *Bower*, this court held:

"The statutory meaning is clear. The plain language of section 4 shows that the intent of the legislature, in creating the office of the public defender, was to limit the duties of the public defender to representing indigent persons 'held in custody or who are charged with the commission of any criminal offense.' Courts, when acting under the Public Defender Act, can make appointments only as the Act provides." 113 Ill. 2d at 479.

Following the holding in *Bower*, we likewise hold that the State Appellate Defender may be appointed to represent indigents on appeal *only as the Act provides*. Thus, the court may only appoint the State Appellate Defender to "represent indigent persons on appeal in criminal cases other than misdemeanor cases not involving a sentence of imprisonment." (Ill. Rev. Stat. 1985, ch. 38, par. 208—10(a).) This is in accord with the rationale of *Tedder v. Fairman* (1981), 93 Ill. App. 3d 948, 955, *rev'd in part on other grounds* (1982), 92 Ill. 2d 216, where the appellate court held that "[t]he mandate to the State Appellate Defender to represent indigents 'on appeal in criminal cases' (Ill. Rev. Stat. 1979, ch. 38, par. 208—10(a)) is clearly not applicable to cases [involving appeals by inmates in a penitentiary from orders dismissing the inmate's complaints against prison officials]."

The State, as respondent in this case, contends that the proceeding involved here is but a continuation of the original adjudication proceeding in which the minor was declared to be a delinquent. Therefore, respondent contends that under our Rule 660 (107 Ill. 2d R. 660), it was

proper to appoint the State Appellate Defender to represent the minor on appeal. Our Rule 660 provides:

> "Appeals in Cases Arising Under the Juvenile Court Act
>
> (a) Delinquent Minors. Appeals from final judgments in delinquent minor proceedings, except as otherwise specifically provided, shall be governed by the rules applicable to criminal cases."

Therefore, respondent contends that the proceeding now being considered is in the nature of a criminal proceeding and the State Appellate Defender was properly appointed.

Rule 660(a) applies only to appeals from the determination of delinquency, and not to appeals from other judgments under the Juvenile Court Act. This is made clear by the committee comments to Rule 660, which state:

> "Rule 660 was added in 1975 to clarify the procedure in appeals from determinations under the Juvenile Court Act. It provides simply that appeals from determinations in delinquency proceedings are governed by the rules applicable to appeals in criminal cases, and all other appeals under the Act are governed by the rules governing appeals in civil cases." (107 Ill. 2d R. 660, Committee Comments.)

Since the matter involved in the appeal in this case did not concern an adjudication of delinquency, but instead involved an appeal from an order denying a change in custody under section 5—8(3) and denying a petition to terminate the wardship of the minor under section 5—11(2) of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, pars. 705—8(3), 705—11(2)), under our Rule 660, rules applicable to criminal appeals do not apply. The argument that the proceeding involved in the appeal which we are considering is criminal in nature finds no support in our Rule 660. In fact, the full context of our Rule 660,

along with the committee comments, militates strongly against such an argument.

We likewise find unconvincing the argument that the juvenile court's jurisdiction over the minor is a continuing one and that the petition to terminate the wardship is in the nature of a petition to modify a criminal sentence. Plainly, under our Rule 660 discussed above, it is only appeals from orders adjudicating the minor to be a delinquent to which our rule requires that rules applicable to criminal cases apply. The proceedings authorized in section 5—8(3) and section 5—11(2) of the Juvenile Court Act do not apply alone to cases in which a minor has been found to be delinquent. These two sections provide for changing custody and terminating wardship of minors who have been adjudicated to be delinquent, addicted, requiring of authoritative intervention, or neglected or dependent. (See Ill. Rev. Stat. 1985, ch. 37, par. 704—8.) After such an adjudication, the court then determines whether it is to the best interest of the minor and the public that the minor be made a ward of the court. (Ill. Rev. Stat. 1985, ch. 37, pars. 705—1, 705—2.) If the court finds that the parents, guardian or legal custodian of the minor, who has been adjudged a ward of the court, is unfit or unable to care for the minor and that it is in the best interests of the minor to take him from the custody of such person, the court may then place the minor in the custody of other persons or institutions. (Ill. Rev. Stat. 1985, ch. 37, par. 705—7.) Therefore, petitions for change of custody under section 5—8(3), or for termination of wardship under section 5—11(2), relate to all categories of minors covered by the Juvenile Court Act, and not just to those adjudged to be delinquent, and cannot be analogized to ancillary criminal proceedings simply because these sections also are applicable to the change of custody or termination of

wardship of a ward of the court who happens to have been a delinquent.

We hold that the appeal from the order denying the relief prayed under section 5—8(3) and section 5—11(2) of the Juvenile Court Act was not in the nature of an appeal in a criminal case and that the appellate court should have granted the State Appellate Defender's motion to withdraw as counsel for the minor in the appellate court. The writ of *mandamus* so directing the appellate court for the fifth district is, accordingly, ordered to be issued.

*Writ awarded.*