JEFFREY ALEXANDER, Plaintiff-Appellant, v. MARK PEARSON, Warden, Hill Correctional Center, Defendant-Appellee.

First District (4th Division)   No. 1—02—2432

Opinion filed December 16, 2004.

Michael J. Pelletier, of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (James E. Fitzgerald and William L. Toffenetti, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff Jeffrey Alexander appeals from an order of the circuit court dismissing his *habeas corpus* petition. Plaintiff's appointed counsel on appeal, the State Appellate Defender (SAD), contends that (1) this court should allow the SAD to withdraw as counsel and dismiss this appeal because the SAD is not authorized to represent a petitioner appealing the dismissal of his *habeas corpus* petition; and (2) in the interest of judicial economy, this court should dismiss the appeal because the substantive issue raised by plaintiff's appeal has been resolved by this court in another appeal by plaintiff. The State concurs that the SAD should be allowed to withdraw as counsel.

Following a jury trial, plaintiff was convicted of two counts of armed robbery and sentenced to concurrent extended prison terms of 55 years. On direct appeal, this court affirmed one conviction and sentence and vacated the other conviction. *People v. Alexander*, No. 1—91—1395 (1993) (unpublished order under Supreme Court Rule 23).

Plaintiff filed a *pro se* postconviction petition, and this court affirmed the dismissal of the petition pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987). *People v. Alexander*, No. 1—97—0316 (1997) (unpublished order under Supreme Court Rule 23). Plaintiff's second *pro se* postconviction petition, alleging that his 55-year extended-term sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), was summarily dismissed. This court affirmed, finding that, under *Finley*, there were no arguable bases for collateral relief, and specifically that the supreme court has decided that *Apprendi* does not apply retroactively to cases on collateral review. *People v. Alexander*, No. 1—03—0016 (2004) (unpublished order under Supreme Court Rule 23), citing *People v. De La Paz*, 204 Ill. 2d 426, 429 (2003).

In February 2002, plaintiff filed a *habeas corpus* petition raising a single claim: that his extended sentence was unconstitutional under *Apprendi*. The State moved to dismiss the petition on the grounds that *Apprendi* claims are not cognizable in *habeas corpus* proceedings and that *Apprendi* does not apply retroactively to cases on collateral review. The circuit court dismissed the petition on July 2, 2003.

Plaintiff timely filed a *pro se* notice of appeal, accompanied by a motion for the appointment of counsel. The trial court appointed the public defender of Cook County as plaintiff's counsel. This court allowed the public defender to withdraw and appointed the SAD as plaintiff's counsel. The SAD then moved to withdraw on the ground that it is not authorized to represent petitioners in appeals from civil cases such as the denial of *habeas corpus* petitions. This court did not decide the motion to withdraw, but directed the SAD to address in its brief the issues of whether a *habeas corpus* proceeding is civil or criminal and whether the SAD may be appointed to represent a petitioner appealing from the dismissal of his *habeas corpus* petition.

The State Appellate Defender contends that it should be allowed to withdraw as plaintiff's counsel on appeal because the SAD is not authorized by its enabling statute to represent a petitioner appealing the dismissal of his *habeas corpus* petition. Specifically, the SAD contends that it is limited by the State Appellate Defender Act to "represent[ing] indigent persons on appeal in criminal and delinquent

minor proceedings." 725 ILCS 105/10(a) (West 2002). The SAD also contends that this appeal should be dismissed as moot because the sole substantive issue—plaintiff's *Apprendi* claim—was fully addressed in this court's recent decision in *Alexander*, No. 1—03—0016. The State joins in the SAD's request to withdraw and contends that this court should dismiss this appeal or affirm the judgment because collateral estoppel bars the litigation of the *Apprendi* issue we decided in *Alexander*, No. 1—03—0016.

There is no provision in the Habeas Corpus Act (735 ILCS 5/10—101 *et seq.* (West 2002)) for the appointment of counsel, and it is a long-established principle that there is no right to appointed counsel in a *habeas corpus* proceeding due to its civil nature.

" 'The writ of *habeas corpus* is the remedy which the law gives for the enforcement of the civil right of personal liberty. \*\*\* Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. \*\*\* The prosecution against him is a criminal prosecution, but the writ of *habeas corpus* which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process.' " *People ex rel. Ross v. Ragen*, 391 Ill. 419, 422-23 (1945), quoting *Ex parte Tom Tong*, 108 U.S. 556, 559-60, 27 L. Ed. 826, 827-28, 2 S. Ct. 871, 872 (1883).

Therefore:

" 'This being a case involving only the enforcement of relator's civil right of personal liberty, separate and distinct from the criminal proceeding in which punishment for a crime was imposed upon him, he is not in the position of an "accused" in a criminal prosecution. The court is neither authorized nor empowered to appoint counsel to appear for him.' " *People ex rel. McGuire v. Sympson*, 20 Ill. App. 3d 139, 140 (1974), quoting *Ragen*, 391 Ill. at 423.

In *Tedder v. Fairman*, 92 Ill. 2d 216 (1982), the supreme court acknowledged that there was no right to appointed counsel in a prisoner's *mandamus* action but ruled that the trial court had the authority or discretion to appoint the public defender as counsel in such a case. *Tedder*, 92 Ill. 2d at 226. The relevant statute provided that "[t]he Public Defender, as directed by the court, shall act as attorney \*\*\* for all persons who are held in custody or who are charged with the commission of any criminal offense, and who the court finds are unable to employ counsel." Ill. Rev. Stat. 1979, ch. 34, par. 5604 (now 55 ILCS 5/3—4006 (West 2002)). Applying this statute, the court stated:

"Public defenders are expressly authorized by the statute to

represent indigent persons 'held in custody.' The public defender acts as a legal representative 'as directed by the court.' \*\*\* There is no legislative mandate that a public defender be appointed to represent an indigent prisoner in a case alleging deprivation of a prisoner's civil rights in Illinois. However, the statutory language does not preclude such an appointment." *Tedder*, 92 Ill. 2d at 226-27.

In *Maloney v. Bower*, 113 Ill. 2d 473 (1986), the public defender petitioned the supreme court for a writ of prohibition barring his circuit court appointment to represent an indigent person in a civil contempt proceeding. *Maloney*, 113 Ill. 2d at 475-76. The supreme court issued the writ, finding that the circuit court did not have the authority to appoint the public defender. *Maloney*, 113 Ill. 2d at 481.

"It is fundamental that courts, when interpreting a statute, must ascertain and give effect to the legislature's intention in enacting the statute. In doing so courts must give the language of the statute its plain and ordinary meaning.

\*\*\*

\*\*\* Courts, when acting under the Public Defender Act, can make appointments only as the Act provides. A chief judge, in exercising his authority to issue general orders for the administration of the courts, cannot use that authority to enlarge the duties of the office of the public defender beyond what the legislature has provided." *Maloney*, 113 Ill. 2d at 479.

The court distinguished its decision in *Tedder*. The public defender act authorized the representation of indigent persons "held in custody," and the *Tedder* plaintiffs were seeking a writ of *mandamus* "regarding conditions of their confinement." *Maloney*, 113 Ill. 2d at 480-81. The *Tedder* court thus had "stated that such appointments were to be limited to situations involving grievances related to a defendant's confinement." *Maloney*, 113 Ill. 2d at 481, citing *Tedder*, 92 Ill. 2d at 227.

The State Appellate Defender Act (Act) (725 ILCS 105/1 *et seq.* (West 2002)) provides:

"The State Appellate Defender shall represent indigent persons on appeal in criminal and delinquent minor proceedings, when appointed to do so by a court under a Supreme Court Rule or law of this State." 725 ILCS 105/10(a) (West 2002).

This statute clearly limits appointment of the SAD to appeals from criminal and delinquent minor proceedings. It does not contain the "held in custody" provision of the public defender act that authorized, under *Tedder*, the appointment of the public defender in a prisoners' *mandamus* action challenging the conditions of their confinement. In *Kirwan v. Karns*, 119 Ill. 2d 431 (1988), the supreme

court allowed the SAD to withdraw as appellate counsel when it found that the juvenile proceedings being appealed were civil in nature rather than being criminal or delinquent minor proceedings and thus, pursuant to the Act, the SAD could not be appointed. *Kirwan*, 119 Ill. 2d at 435, 437. "Following the holding in [*Maloney*], we likewise hold that the State Appellate Defender may be appointed to represent indigents on appeal *only as the Act provides*." (Emphasis in original.) *Kirwan*, 119 Ill. 2d at 434. We therefore find that there is no authority for a court to appoint the SAD as counsel in an appeal from a *habeas corpus* proceeding, and we grant the State Appellate Defender leave to withdraw as plaintiff's counsel.

Despite the requests of both the SAD and the State, we see no reason to dismiss this appeal due merely to the erroneous appointment of the SAD as counsel. Plaintiff timely filed a *pro se* notice of appeal from the dismissal of his petition, and Supreme Court Rule 301 is clear that only the timely filing of a notice of appeal is jurisdictional. 155 Ill. 2d R. 301. Nor does the fact that we affirmed the circuit court's summary dismissal of plaintiff's second postconviction petition preclude plaintiff from separately appealing the dismissal of his *habeas corpus* petition. Instead, because both the second postconviction petition and the *habeas corpus* petition raised solely an *Apprendi* claim, and because we held earlier that "*Apprendi* does not apply where, as here, plaintiff's direct appeal process had been completed before *Apprendi* was decided" (*Alexander*, slip op. at 2, citing *De La Paz*, 204 Ill. 2d at 429), we affirm the circuit court's dismissal of plaintiff's *habeas corpus* petition.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

REID, P.J., and QUINN, J., concur.