FOURTH DIVISION

December 16, 2004

1-02-2432

JEFFREY ALEXANDER, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) No. HC 50233

)

MARK PEARSON, Warden,   ) Honorable

Hill Correctional Center, ) William S. Wood,

) Judge Presiding.

Defendant-Appellee. ) 

JUSTICE THEIS delivered the opinion of the court:

Plaintiff Jeffrey Alexander appeals from an order of the circuit court dismissing his 
habeas corpus 
petition.  Plaintiff's appointed counsel on appeal, the State Appellate Defender (SAD), contends that (1) this court should allow the SAD to withdraw as counsel and dismiss this appeal because the SAD is not authorized to represent a petitioner appealing the dismissal of his 
habeas corpus 
petition; and (2) in the interest of judicial economy, this court should dismiss the appeal because the substantive issue raised by plaintiff's appeal has been resolved by this court in another appeal by plaintiff.  The State concurs that the SAD should be allowed to withdraw as counsel.

Following a jury trial, plaintiff was convicted of two counts of armed robbery and sentenced to concurrent extended prison terms of 55 years.  On direct appeal, this court affirmed one conviction and sentence and vacated the other conviction.  
People v. Alexander
, No. 1-91-1395 (1993) (unpublished order under Supreme Court Rule 23).

Plaintiff filed a 
pro se 
post-conviction petition, and this court affirmed the dismissal of the petition pursuant to 
Pennsylvania v. Finley
, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987).  
People v. Alexander
, No. 1-97-0316 (1997) (unpublished order under Supreme Court Rule 23).  Plaintiff's second 
pro se 
post-conviction petition, alleging that his 55-year extended-term sentence was unconstitutional under 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), was summarily dismissed.  This court affirmed, finding that, under 
Finley
, there were no arguable bases for collateral relief, and specifically that the supreme court has decided that 
Apprendi
 does not apply retroactively to cases on collateral review.  
People v. Alexander
, No. 1-03-0016 (2004)(unpublished order under Supreme Court Rule 23), citing 
People v. De La Paz
, 204 Ill. 2d 426, 429 (2003).   

In February 2002, plaintiff filed a 
habeas corpus 
petition raising a single claim: that his extended sentence was unconstitutional under 
Apprendi
.  The State moved to dismiss the petition on the grounds that 
Apprendi
 claims are not cognizable in 
habeas corpus 
proceedings and that 
Apprendi
 does not apply retroactively to cases on collateral review.  The circuit court dismissed the petition on July 2, 2003.  

Plaintiff timely filed a 
pro se 
notice of appeal, accompanied by a motion for the appointment of counsel.  The trial court appointed the Public Defender of Cook County as plaintiff's counsel.  This court allowed the Public Defender to withdraw and appointed the SAD as plaintiff's counsel.  The SAD then moved to withdraw on the ground that it is not authorized to represent petitioners in appeals from civil cases such as the denial of 
habeas corpus 
petitions.  This court did not decide the motion to withdraw, but directed the SAD to address in its brief the issues of whether a 
habeas corpus 
proceeding is civil or criminal and whether the SAD may be appointed to represent a petitioner appealing from the dismissal of his 
habeas corpus
 petition.

The State Appellate Defender contends that it should be allowed to withdraw as plaintiff's counsel on appeal because the SAD is not authorized by its enabling statute to represent a petitioner appealing the dismissal of his 
habeas corpus 
petition.  Specifically, the SAD contends that it is limited by the State Appellate Defender Act to "represent[ing] indigent persons on appeal in criminal and delinquent minor proceedings."  725 ILCS 105/10(a) (West 2002).  The SAD also contends that this appeal should be dismissed as moot because the sole substantive issue -- plaintiff's 
Apprendi
 claim -- was fully addressed in this court's recent decision in 
Alexander
, No. 1-03-0016.  The State joins in the SAD's request to withdraw and contends that this court should dismiss this appeal or affirm the judgment because collateral estoppel bars the litigation of the 
Apprendi
 issue we decided in 
Alexander
, No. 1-03-0016.

There is no provision in the Habeas Corpus Act (735 ILCS 5/10-101 
et seq
. (West 2002)) for the appointment of counsel, and it is a long-established principle that there is no right to appointed counsel in a 
habeas corpus
 proceeding due to its civil nature.  

"'The writ of 
habeas corpus 
is the remedy which the law gives for the enforcement of the civil right of personal liberty. ***  Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. *** The prosecution against him is a criminal prosecution, but the writ of 
habeas corpus
 which he has obtained is not a proceeding in that prosecution.  On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process.'"  
People ex rel. Ross v. Ragen
, 391 Ill. 419, 422-23 (1945), quoting 
Ex parte Tom Tong
, 108 U.S. 556, 559-60, 27 L. Ed. 826, 827-28, 2 S. Ct. 871, 872 (1883).

Therefore,   

"'This being a case involving only the enforcement of relator's civil right of personal liberty, separate and distinct from the criminal proceeding in which punishment for a crime was imposed upon him, he is not in the position of an 'accused' in a 'criminal prosecution.'  The court is neither authorized nor empowered to appoint counsel to appear for him.'"  
People ex rel. McGuire v. Sympson
, 20 Ill. App. 3d 139, 140 (1974), quoting 
Ragen
, 391 Ill. at 423.

In 
Tedder v. Fairman
, 92 Ill. 2d 216 (1982), the supreme court acknowledged that there was no right to appointed counsel in a prisoner's
 mandamus 
action but ruled that the trial court had the authority or discretion to appoint the public defender as counsel in such a case.  
Tedder
, 92 Ill. 2d at 226.  The relevant statute provided that "[t]he Public Defender, as directed by the court, shall act as attorney *** for all persons who are held in custody or who are charged with the commission of any criminal offense, and who the court finds are unable to employ counsel."  Ill. Rev. Stat. 1979, ch. 34, par. 5604; now 55 ILCS 5/3-4006

(West 2002).  Applying this statute, the court stated:

"Public defenders are expressly authorized by the statute to represent indigent persons 'held in custody.'  The public defender acts as a legal representative 'as directed by the court.'  ***  There is no legislative mandate that a public defender be appointed to represent an indigent prisoner in a case alleging deprivation of a prisoner's civil rights in Illinois.  However, the statutory language does not preclude such an appointment."  
Tedder
, 92 Ill. 2d at 226-27.

In 
Maloney v. Bower
, 113 Ill. 2d 473 (1986), the public defender petitioned the supreme court for a writ of prohibition barring his circuit court appointment to represent an indigent person in a civil contempt proceeding.  
Maloney
, 113 Ill. 2d at 475-76.  The supreme court issued the writ, finding that the circuit court did not have the authority to appoint the public defender.  
Maloney
, 113 Ill. 2d at 481.

"It is fundamental that courts, when interpreting a statute, must ascertain and give effect to the legislature's intention in enacting the statute.  In doing so, courts must give the language of the statute its plain and ordinary meaning. ***  Courts, when acting under the Public Defender Act, can make appointments only as the Act provides.  A chief judge, in exercising his authority to issue general orders for the administration of the courts, cannot use that authority to enlarge the duties of the office of the public defender beyond what the legislature has provided."  
Maloney
, 113 Ill. 2d at 479.

The court distinguished its decision in 
Tedder
.  The Public Defender Act authorized the representation of indigent persons "held in custody," and the 
Tedder
 plaintiffs were seeking a writ of 
mandamus
 "regarding conditions of their confinement."  
Maloney
, 113 Ill. 2d at 480-81.  The 
Tedder
 court thus had "stated that such appointments were to be limited to situations involving grievances related to a plaintiff's confinement."  
Maloney
, 113 Ill. 2d at 481, citing 
Tedder
, 92 Ill. 2d at 227.

The State Appellate Defender Act (Act), 725 ILCS 105/1
 et seq.
 (West 2002), provides that:

"The State Appellate Defender shall represent indigent persons on appeal in criminal and delinquent minor proceedings, when appointed to do so by a court under a Supreme Court Rule or law of this State."  725 ILCS 105/10(a) (West 2002).

This statute clearly limits appointment of the SAD to appeals from criminal and delinquent minor proceedings.  It does not contain the "held in custody" provision of the Public Defender Act that authorized, under 
Tedder
, the appointment of the public defender in a prisoners' 
mandamus
 action challenging the conditions of their confinement.  In 
Kirwan v. Karns
, 119 Ill. 2d 431 (1988), the supreme court allowed the SAD to withdraw as appellate counsel when it found that the juvenile proceedings being appealed were civil in nature rather than being criminal or delinquent minor proceedings and thus, pursuant to the Act, the SAD could not be appointed.  
Kirwan
, 119 Ill. 2d at 435, 437.  "Following the holding in [
Maloney
], we likewise hold that the State Appellate Defender may be appointed to represent indigents on appeal 
only as the Act provides
."  
Kirwan
, 119 Ill. 2d at 434 (emphasis in original).  We therefore find that there is no authority for a court to appoint the SAD as counsel in an appeal from a 
habeas corpus 
proceeding, and we grant the State Appellate Defender leave to withdraw as plaintiff's counsel.

Despite the requests of both the SAD and the State, we see no reason to dismiss this appeal due merely to the erroneous appointment of the SAD as counsel.  Plaintiff timely filed a 
pro se 
notice of appeal from the dismissal of his petition, and Supreme Court Rule 301 is clear that only the timely filing of a notice of appeal is jurisdictional.  155 Ill. 2d R. 301.  Nor does the fact that we affirmed the circuit court's summary dismissal of plaintiff's second post-conviction petition preclude plaintiff from separately appealing the dismissal of his 
habeas corpus 
petition.  Instead, because both the second post-conviction petition and the 
habeas corpus 
petition raised solely an 
Apprendi
 claim, and because we held earlier that "
Apprendi
 does not apply where, as here, plaintiff's direct appeal process had been completed before 
Apprendi
 was decided," (
Alexander
, No. 1-03-0016, at 2, citing 
De La Paz
, 204 Ill. 2d at 429), we affirm the circuit court's dismissal of plaintiff's 
habeas corpus 
petition.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

REID, P.J., and QUINN, J., concur.