FIRST DIVISION
November 19, 2007

Nos. 1-07-0942 and 1-07-0943, Consolidated

| | | |
|---|---|---|
| ROSA CARDONA, individually, and as a mother and next friend of FILBERTO CARDONA, a minor, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant-Cross-Appellee, | ) ) ) | |
| v. | ) ) | |
| DR. ALFONSO DEL GRANADO, | ) ) | Honorable |
| Defendant-Appellee-Cross-Appellant. | ) ) | James P. Flannery, Judge Presiding. |

JUSTICE WOLFSON delivered the opinion of the court:

Following a trial on the plaintiff's medical malpractice complaint, the jury returned a verdict for the plaintiff, awarding $300,000 for future medical expenses and no other damages. The plaintiff filed a motion requesting a new trial on damages only. The trial court sua sponte ordered a new trial on all issues, including liability and damages. Neither side is happy with that decision. Both appeal it.

Plaintiff contends the court lacked subject matter jurisdiction to order a new trial where neither party requested one. Defendant contends the court abused its discretion in ordering a new trial and should have let the original verdict stand. We affirm the trial court's grant of a new trial on all issues.

1-07-0942)
1-07-0943)Cons.

FACTS

The plaintiff, Rosa Cardona, filed a medical malpractice complaint against defendant Dr. Alfonso Del Granado, on behalf of her disabled son Filiberto Cardona, Jr.  Plaintiff alleged defendant's negligence during the birth of her son caused Filiberto to sustain moderate to severe mental retardation.  As far as we can tell from the record, defendant's experts testified that Filiberto's condition was not caused by any acts or omissions of Dr. Del Granado.  It is unclear from this record what evidence was introduced by the plaintiff.

The jury reached a verdict in favor of plaintiff and against defendant, awarding plaintiff $300,000 for the present cash value of future medical expenses.  The jury awarded no damages for loss of a normal life, pain and suffering, or the value of future earnings.  The trial court entered judgment on the jury's verdict.

Plaintiff filed a post-trial motion seeking a new trial on damages only.  Plaintiff contended the jury's failure to award any damages for loss of a normal life in the face of undisputed evidence to the contrary was against the manifest weight of the evidence.  Plaintiff did not contest the jury's failure to award damages for pain and suffering or loss of future earnings.  In defendant's response, he argued the jury's verdict should stand

2

1-07-0942)
1-07-0943)Cons.

because the damage award was consistent with the evidence at trial.  As a fallback, he argued a new trial on damages alone would be inappropriate because the issues of liability and damages were inextricably intertwined.

The trial court denied plaintiff's motion for a new trial on damages only, vacated the judgment order against defendant, and granted a new trial on all issues, including liability and damages.  The court said:

> "The Court feels that the issues are
> intertwined.  The Court feels that the
> verdict was a compromised verdict, and at
> this time the order is that there be a new
> trial on all issues."

Plaintiff moved to amend the court's ruling nunc pro tunc to have the order indicate plaintiff's post-trial motion was denied. Defendant filed a motion for reconsideration asking the court to reconsider its order granting a new trial and affirm its order entering judgment on the jury verdict.  The court allowed plaintiff's motion and denied defendant's motion.  Following argument on the motions, the court held:

> "[A]t this time, based on the evidence and
> the law that the Court heard during the
> trial, this should have been a not guilty.

3

1-07-0942)
1-07-0943)Cons.

> It was not a not guilty. If the jury found for the plaintiff, the jury absolutely should have found for loss of a normal life. It did not.
>
> The Court believes, based on the verdict of the jury and the evidence that was heard, that this was a compromised verdict where the issues of damage and liability are incompliant [sic]."

In her appeal, plaintiff contends the court lacked subject matter jurisdiction to order a new trial on all issues because plaintiff never sought such relief in her post-trial motion and defendant never filed a cross-post-trial motion.

In his appeal, the defendant contends the court abused its discretion in ordering a new trial where the verdict was consistent with the evidence.

DECISION

I. Subject Matter Jurisdiction--Plaintiff's Appeal

The plaintiff contends a trial court does not have jurisdiction to sua sponte order relief from a jury verdict or go beyond the relief sought by the parties in a post-trial motion. The trial court's subject matter jurisdiction over the proceedings is an issue of law which we review de novo. In re

4

1-07-0942)
1-07-0943)Cons.

<u>Estate of Ahern</u>, 359 Ill. App. 3d 805, 809, 835 N.E.2d 95 (2005).

Plaintiff relies on section 2-1202 of the Code of Civil Procedure, which provides that a post-trial motion for new trial "must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief*** The Court must rule upon all relief sought in all post-trial motions." 735 ILCS 5/2-1202(b), (f) (West 2004).

We note section 2-1202(e) is directed at a party who fails to seek a new trial in its post-trial motion. The section provides that party "waives the right to <u>apply</u> for a new trial." (Emphasis added.) 735 ILCS 5/2-1202(e) (West 2004). It does not say the trial court lacks authority to grant whatever relief it believes appropriate. The defendant did not want a new trial; he was satisfied with the jury's verdict.

We do not agree that section 2-1202 limits the trial court's authority to order a new trial on all issues, whether or not a party requests such relief.

In <u>Freeman v. Chicago Transit Authority</u>, 33 Ill. 2d 103, 210 N.E.2d 191 (1965), the trial court on its own motion set aside the special finding of the jury on the ground that it was against the manifest weight of the evidence. The court then entered

5

1-07-0942)
1-07-0943)Cons.

judgment on the verdicts.  The supreme court held it was within the trial court's authority to do so.  Freeman, 33 Ill. 2d at 105-106.  The court rejected the notion that section 68.1(2) of the Civil Practice Act (the predecessor to section 2-1202) barred a trial judge from considering any grounds not raised by a party in its written post-trial motion:

> "While the section thus confines a litigant, upon appeal, to those matters specifically raised in the trial court, it contains nothing that suggests an intention to interfere with the power of a trial court to act upon its own motion.
>
> The function of a trial judge in determining whether the answer to a special interrogatory is against the manifest weight of the evidence is analogous to his function in determining whether a general verdict is against the weight of the evidence, and his authority to act upon his own motion should be the same in both instances.  Orders granting new trials were not appealable at all until the Civil Practice Act became effective in 1934, and apparently the

1-07-0942)
1-07-0943)Cons.

authority of a trial court to grant a new trial on its own motion has not been considered by this court.  But in those jurisdictions that have considered the question the power is firmly established.  [Citations.]  These decisions are based upon a recognition that the role of a trial judge is not that of a presiding officer or an umpire, and that he is responsible for the justice of the judgment that he enters.  The defendant's argument would take away that responsibility and tend to reduce his role to that of an automaton."  Freeman, 33 Ill. 2d at 105-106.

In Winters v. Kline, 344 Ill. App. 3d 919, 801 N.E.2d 984 (2003), the plaintiff had filed a post-trial motion seeking a new trial on damages only.  Winters, 344 Ill. App. 3d at 924.  As in this case, the defendants filed a response arguing the jury's verdict was consistent with the evidence.  Alternatively, defendants contended that if a new trial were ordered, it should be of the entire case on all issues.  The defendants did not file a post-trial motion.  The trial court granted plaintiff's motion, ordering a new trial on damages only.  Defendants filed an

7

1-07-0942)
1-07-0943)Cons.

emergency motion to reconsider, contending a new trial on damages was inappropriate where the issues of liability and damages were intertwined, liability was contested, and there was evidence of a compromise verdict. Winters, 344 Ill. App. 3d at 924. The trial court then ordered a new trial on liability and damages. We affirmed that order. We held it was within the trial court's power to modify its interlocutory order, post-trial motion or not. Winters, 344 Ill. App. 3d at 927-28. There was no abuse of discretion. Winters, 344 Ill. App. 3d at 929. See Freeman, 33 Ill. 2d at 106.

The cases plaintiff cites have little or nothing to do with the facts of this case and do not support her contention regarding the trial court's jurisdiction. See Maloney v. Bower, 113 Ill. 2d 473, 478, 498 N.E.2d 1102 (1986) (chief judge of circuit court did not have authority to appoint office of public defender to represent indigents in civil contempt proceedings); J.H. v. Ada S. McKinley Community Services, 369 Ill. App. 3d 803, 808, 861 N.E.2d 320 (2006) (trial court could not sua sponte, without a hearing or notice, appoint a guardian ad litem for competent adult plaintiffs who were represented by counsel); In re Custody of Ayala, 344 Ill. App. 3d 574, 585, 800 N.E.2d 524 (2003) (court exceeded its jurisdiction in awarding joint co-custodial care of minor to third parties where no pleading

8

1-07-0942)
1-07-0943)Cons.

requested this relief); In re General Order of March 15, 1993, 258 Ill. App. 3d 13, 17, 629 N.E.2d 673 (1994) (trial court may not invoke its power to declare an attorney in contempt and, consequently, disbar or suspend him or her from appearing before it); In re Marriage of Fox, 191 Ill. App. 3d 514, 520, 548 N.E.2d 71 (1989) (a petition for contempt with respect to visitation in a dissolution proceeding did not present to the trial court a "justiciable matter" sufficient for the trial court to make a child custody determination); Ottwell v. Ottwell, 167 Ill. App. 3d 901, 908-909, 522 N.E.2d 328 (1988) (court's orders regarding child support were void for lack of jurisdiction in action brought by Department of Public Aid against husband, where no petition to modify child support was filed).

The trial court in this case retained jurisdiction over plaintiff's lawsuit because plaintiff timely filed a post-trial motion challenging the court's judgment on the jury's verdict. The fact that plaintiff sought a new trial limited to the issue of damages has nothing to do with the court's jurisdiction over the entire case. Nor can plaintiff say the trial court decided an issue that was not before it. Plaintiff placed the issue of the jury's verdict before the court when she filed her post-trial motion.

We reject plaintiff's contention that the trial court lacked

9

1-07-0942)
1-07-0943)Cons.

jurisdiction to order a new trial.

We next address plaintiff's contention that the trial court should have granted her motion for a new trial on damages only. Although plaintiff addresses this argument in her response brief to defendant's appeal, she fails to include the argument in her own appeal of the trial court's order. We find plaintiff has waived the argument.

The supreme court rules provide, "[p]oints not argued [in the initial brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." 210 Ill. 2d R. 341(h)(7); People v. Pecor, 153 Ill. 2d 109, 116, 606 N.E.2d 1127 (1992). Plaintiff's inclusion of the argument in her response to defendant's appeal is an inappropriate response to defendant's contention that the trial court abused its discretion in granting a new trial.

Were we to address plaintiff's contention, we would find the court did not abuse its discretion in denying plaintiff's motion. The map for new trial territory is clearly drawn:

"A new trial limited to the question of damages will be granted only where: (1) the jury's verdict on the question of liability is amply supported by the evidence; (2) the questions of liability and damages are

10

> sufficiently distinct such that a trial limited to the question of damages would not be unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that, in some identifiable manner, the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability." Winters, 344 Ill. App. 3d at 925, citing Midland Hotel Corp. v. Reuben H. Donnelly Corp., 118 Ill. 2d 306, 319-20, 515 N.E.2d 61 (1987).

The plaintiff bears the burden of showing the jury's verdict was not a compromise of liability against damages. Winters, 344 Ill. App. 3d at 926. Plaintiff cannot possibly sustain that burden when she does not include in the record any liability testimony given at trial by her expert witnesses. Without a more complete record we cannot begin to address the compromise issue.

II. Abuse of Discretion--Defendant's Appeal

Initially, plaintiff contends defendant lacks standing to challenge the trial court's order granting a new trial because he did not file a post-trial motion seeking a new trial or a judgment n.o.v. Plaintiff's argument borders on the nonsensical.

1-07-0942)
1-07-0943)Cons.

Defendant was not seeking relief from the judgment reached by the jury.  Rather, he sought relief from the trial court's interlocutory order vacating the judgment and granting a new trial on all issues.  Defendant was not required to file a motion for new trial or a judgement n.o.v. in order to challenge the court's order.  See Winters, 344 Ill. App. 3d at 928.  We find the defendant has standing to challenge the trial court's order on appeal.

Defendant contends the trial court abused its discretion by discarding the jury's verdict and ordering a new trial.  We disagree.

"A trial court's ruling on a motion for a new trial will not be reversed unless there is an affirmative showing that it clearly abused its discretion."  Winters, 344 Ill. App. 3d at 925, citing Maple v. Gustafson, 151 Ill. 2d 445, 455, 603 N.E.2d 508 (1992).  A court abuses its discretion only where its ruling is "arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the court's view."  Evitts v. DaimlerChrysler Motors Corp., 359 Ill. App. 3d 504, 513, 834 N.E.2d 942 (2005).

A jury verdict that indicates compromises were made on damages and liability cannot be allowed to stand.  Winters, 344 Ill. App. 3d at 926; Svetanoff v. Kramer, 80 Ill. App. 3d 575, 578, 400 N.E.2d 1 (1979).  "While a verdict of zero damages is

12

proper if there is evidence no damages were suffered, an award of damages that does not bear a reasonable relationship to the evidence is an indication of a compromise verdict." <u>Winters</u>, 344 Ill. App. 3d at 926. "The standard to test whether a verdict resulted from a compromise is whether the verdict on the issue of liability was amply supported by the evidence." <u>Vacala v. Village of LaGrange Park</u>, 260 Ill. App. 3d 599, 618, 636 N.E.2d 812 (1994).

For the same reasons we refuse to address plaintiff's contention that the jury's verdict was not a compromise verdict, we cannot address defendant's claim that there should be no new trial. That is, we are not given the testimony of plaintiff's experts on the issue of liability.

While we recognize a rough apportionment of damages between the innocent cause and the negligent cause of an injury may be appropriate in some cases (<u>Glassman v. St. Joseph Hospital</u>, 259 Ill. App. 3d 730, 631 N.E.2d 1186 (1994)), we find the record in this case is inadequate for us to determine whether a reasonable basis exists for the jury's verdict.

Supreme Court Rule 306(g) provides that: "If leave to appeal is allowed, any party to the appeal may request that additional portions of the record on appeal be prepared ***." 210 Ill. 2d R. 306(g). Defendant, as the cross-appellant, bears the burden

1-07-0942)
1-07-0943)Cons.

of providing a sufficiently complete record to support his claim of error. Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984). In the absence of an adequate record, we must presume the trial court's order was entered in conformity with the law and had a sufficient factual basis. Foutch, 99 Ill. 2d at 392.

The record in this case consists almost entirely of excerpts from the trial testimony of defendant's expert witnesses. All of defendant's witnesses uniformly testified that defendant was not responsible for plaintiff's injury. The jury, however, determined defendant was liable and awarded $300,000 in damages for medical costs. Nothing in the record before us indicates the jury's verdict was an attempt to apportion damages between an innocent cause and a negligent cause of plaintiff's injury. Any evidence indicating defendant was even partially responsible for plaintiff's injury has not been included in the record.

Due to the inadequate nature of the record in this case, meaningful review of the defendant's contention is impossible. Accordingly, we presume the trial court's order was entered in conformity with the law and had a sufficient factual basis. See Foutch, 99 Ill. 2d at 392. The trial court's grant of a new trial on all issues is affirmed.

Affirmed.

GARCIA, and R. GORDON, JJ., concur.

14

1-07-0942)
1-07-0943)Cons.